923 P.2d 1005

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Orville W. WINSON, Defendant–Appellant.**

**No. 22179.**

Court of Appeals of Idaho.

July 25, 1996.

Petition for Review Denied Oct. 10, 1996.

George P. Essma, Twin Falls, for appellant.

Hon. Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney Gen-

eral, Boise, for respondent. Catherine O. Derden, argued.

PERRY, Judge.

This is an appeal from the district court's order affirming Orville W. Winson's judgment of conviction for driving under the influence. I.C. §§ 18–8004, –8005(4). Winson claims, as he did before the district court, that the magistrate erred in: (1) instructing the jury that the instrument used to test Winson's blood alcohol concentration was approved by the State of Idaho; (2) excluding two defense witnesses from testifying as a discovery sanction; and (3) admitting evidence of Winson's breath test without the proper foundation.[1] After reviewing the record and applicable law, we vacate the judgment of conviction and remand for a new trial.

## I.

### FACTS AND PROCEDURE

Winson was arrested and charged with misdemeanor driving under the influence of alcohol (DUI). On July 26, 1994, in anticipation of Winson's jury trial, the magistrate held a pre-trial conference. At the pre-trial conference, the magistrate stated that discovery was due by the end of the day and indicated that this was already understood by counsel. It is unclear from the record whether, during the conference, defense counsel declared his intention to call two witnesses other than the defendant. The record indicates that the identities of the defense witnesses were not made known to the state until August 2, the day before trial. The state filed a motion in limine to prevent testimony of the two defense witnesses on the basis that defense counsel did not provide their names to the state in a timely fashion and, as a result, the state had been unable to adequately prepare. The magistrate heard argument, granted the state's motion and excluded the defense witnesses from testifying at trial.

The case proceeded to trial before a jury. The state sought to admit into evidence the results of an Intoxilyzer 5000 breath analysis test taken by Winson on the night of his arrest. Winson made objections to the evidence before it was offered and after a police officer read the results, but did not object to that reading. Winson again objected when the written results were offered by the state for admission into evidence. The magistrate found that, because Winson had not objected when the results were read by the officer, the objection to the written results was untimely. The magistrate then admitted the breath analysis into evidence.

At the conclusion of the trial, the magistrate instructed the jury, over an objection by Winson, that the Intoxilyzer 5000 had been approved by the State for Idaho for the purpose of determining blood alcohol concentration. The jury returned a guilty verdict. At that time, the magistrate instructed the jury that a second phase of the trial was necessary and that in the second phase the jury was to determine if Winson had previously been convicted of a DUI as charged in the complaint. The jury found that Winson had been convicted of DUI previously and the current charge was therefore enhanced to a second offense DUI. I.C. § 18–8005(4). The magistrate sentenced Winson to one year in jail, with credit for time served, and ordered a one-year suspension of Winson's driver's license. Winson appealed his conviction to the district court, which affirmed the rulings of the magistrate.

Winson appeals to this Court claiming that the magistrate erred in finding that Winson failed to comply with the requirements of discovery and in excluding defense witnesses from testifying at trial as a discovery violation sanction. Winson asserts that the magistrate erred in refusing to entertain his motion to exclude the results of a breath test for blood alcohol concentration. Winson argues that the magistrate also erred by instructing the jury that the State of Idaho had approved the Intoxilyzer 5000 as a method of testing blood alcohol.

---

**1.** Winson also raised an issue regarding the state's burden in establishing a prior DUI for enhancement purposes. *See State v. Coby,* 128 Idaho 90, 910 P.2d 762 (1996). This issue was withdrawn during oral argument and we will not address it further.

## II.

## ANALYSIS

■ We first note that on review of a decision of the district court rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Waggoner v. State*, 121 Idaho 758, 760, 828 P.2d 321, 323 (Ct.App. 1991).

### A. Intoxilyzer Instruction

The magistrate instructed the jury that "the Intoxilyzer 5000 has been approved by the State of Idaho for the purpose of determining blood alcohol concentration." Winson claims that this instruction invaded the province of the jury by removing the factual question of the accuracy of the test from the consideration of the jury.

■ The question of whether the jury has been properly instructed is question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App.1993).

■ Admission of the results of a breath test requires a proper foundation. *State v. Crea*, 119 Idaho 352, 354, 806 P.2d 445, 447 (1991). A proper foundation includes evidence that the test meets the requirements of I.C. § 18–8004(4). Idaho Code Section 18–8004(4) provides in part:

> Analysis of blood, urine or breath for the purpose of determining the alcohol concentration shall be performed . . . by a laboratory approved by the Idaho department of law enforcement. . . . [T]he results of any [such] test . . . shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination.

A jury instruction has been determined to be improper because it informed the jury that a certain breath test for alcohol concentration was "well established, and it [was] not necessary for the State to produce a witness to establish a foundation for the acceptability of that breath analysis process." *State v. Pressnall*, 119 Idaho 207, 210, 804 P.2d 936, 939 (Ct.App.1991). Similarly, the magistrate in this case informed the jury that the Intoxilyzer 5000 was an approved method of testing for blood alcohol concentration. Such an instruction, even if accurate, addresses the admissibility of the test—a question of law for the trial court and not a proper matter for jury instruction. *Id.* at 211, 804 P.2d at 940.

■ Further, the instruction unduly emphasized the approval of the department of law enforcement of the Intoxilyzer 5000 and thereby implied that the test results were necessarily accurate in this case. The admissibility of the results of a certain test does not equate to the sufficiency of the evidence to support a conviction. *Pressnall*, 119 Idaho at 211, 804 P.2d at 940. A breath test showing an alcohol concentration of .10 or more is not conclusive proof that one is guilty of DUI; the state still has the burden of proving beyond a reasonable doubt that the .10 reading was correct. *State v. Barker*, 123 Idaho 162, 166, 845 P.2d 580, 584 (Ct.App. 1992); *Pressnall*, 119 Idaho at 211, 804 P.2d at 940.

■ The due process clause of the U.S. Constitution precludes conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which a defendant is charged. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). An instruction which invades the province of the jury by settling a factual question is error. Whether Winson's blood alcohol concentration at the time of his arrest was .10 or higher was a factual finding to be made by the jury. In order to reach this ultimate factual finding, the jury had to determine if the test, which indicated Winson's blood alcohol concentration, was accurate. In light of the fact that the jury may have inferred that they need not deliberate on the accuracy of the breath test in this case because it was settled by the magistrate's instruction, it was error for the magistrate to so instruct the jury.

The error in instructing the jury was not harmless. Harmless error analysis calls for an inquiry into whether the error contributed to the verdict, leaving the appellate court with a reasonable doubt that the jury would have reached the same verdict had the error not occurred. *Pressnall,* 119 Idaho at 209, 804 P.2d at 938. Idaho Code Section 18–8004 provides one crime with two methods of proof. The state may establish a violation of that provision by proving that, while driving, the defendant had a blood alcohol concentration of .10 or above, or the state may instead prove through direct and circumstantial evidence that the defendant was driving under the influence of alcohol. *State v. Hartwig,* 112 Idaho 370, 375, 732 P.2d 339, 344 (Ct.App.1987). Pursuant to the *per se* method of proving a DUI, the state must provide an accepted test of the defendant's blood, breath or urine which shows a blood alcohol concentration of .10 or above and further evidence that the test was accurate. I.C. § 18–8004(4); *Pressnall,* 119 Idaho at 211, 804 P.2d at 940. To establish through circumstantial evidence that the defendant was under the influence, the state must prove that the defendant had consumed alcohol "to such an extent as to influence or affect his/her driving of the motor vehicle." *State v. Andrus,* 118 Idaho 711, 716, 800 P.2d 107, 112 (Ct.App.1990). *See also State v. Glanzman,* 69 Idaho 46, 202 P.2d 407 (1949).

The criminal complaint and trial record in this case indicate that the state utilized both methods of proof in trying Winson for DUI. If the jury relied upon the testimony regarding Winson's breath test results, then an error in instructing the jury regarding the *per se* method of proving a DUI may well have affected the outcome of the trial. From the record before us we cannot determine to which theory the jury subscribed in convicting Winson. Hence, an error regarding the jury instructions on either method of proving a DUI is not harmless error in this situation.

## B. Discovery Sanction

Winson argues that the magistrate erred in finding a violation of the discovery rules and in excluding two defense witnesses from testifying as a sanction for the violation.

The appellate courts conduct a review of the record to determine if the finding of the trial court that there was a discovery violation is supported by substantial and competent evidence. *State v. Stradley,* 127 Idaho 203, 207–08, 899 P.2d 416, 420–421 (1995). Review of the actual sanction imposed is done under an abuse of discretion standard. *Id.* at 208, 899 P.2d at 421.

The magistrate heard the state's motion for exclusion of the defense's witnesses after the selection of the jury but prior to the administration of the oath. The magistrate ruled:

The purpose of pre-trial conference is to make a determination whether this case is one that should be tried, if the parties are in position to negotiate the case, to give the other parties under the rules of discovery should they choose to use them, some insight into the length of the trial and what they could possibly be facing at trial. It is understood that pre-trial conference is the cut-off time for discovery. You have not been a stranger at pre-trial conferences in this court Mr. Essma. Your response is extremely untimely. Motion is in all respects granted.

The discovery process in criminal cases in Idaho is governed by I.C.R. 16. Counsel is to respond to a discovery request within fourteen days. I.C.R. 16(e). If a party failed to comply with a request for discovery, the court may order discovery, prohibit discovery of part of the information or enter such other order as it deems fit. I.C.R. 16(j). Failure to comply with a discovery request shall be grounds for the imposition of sanctions by the court. I.C.R. 16(e)(2).

The magistrate in this case stated that everyone who practices before that court was aware that the pre-trial conference was the final deadline for discovery, Winson's counsel failed to meet that deadline and a discovery sanction was therefore appropriate. However, in the appeal before the district court, Winson's trial counsel stated that he was unfamiliar with this rule. Even if both parties understood that all discovery requests were to be satisfied by the pre-trial conference, a request must have been made before Winson was obligated to provide the

discovery materials. Idaho Criminal Rule 16(c) provides that the defense must disclose certain information upon written request by the state; this rule does not require the defense to provide discovery upon its own initiative. There is nothing in the record to indicate that the state made the required written request for discovery, although the fact that the state made some request is not disputed. If Winson was under no obligation to provide discovery, the timing of his choice to do so cannot be a discovery violation. Further, even if a written request for discovery was made, the state failed to file a motion to compel discovery after Winson's failure to comply. I.C.R. 16(e), (j). Although the defense may have violated the rules of discovery in this case, the record indicates that the violation, if any, was likely inadvertent. Further, any harm to the state from the untimely disclosure could have been prevented had the state brought a motion to compel discovery prior to trial.

■ Even assuming there was a sanctionable discovery violation, this Court must still review the sanction imposed. In reviewing a discretionary decision of a trial court we review the record to determine if the lower court: (1) perceived the issue as one of discretion; (2) acted within the bounds of discretion and consistently with any legal standards; and (3) reached its decision by an exercise of reason. *Stradley*, 127 Idaho at 212, 899 P.2d at 425; *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

■ In a recent case involving a discovery violation, the Idaho Supreme Court determined a monetary sanction against the public defender to be within the discretion of the trial court. *Stradley*, 127 Idaho at 212, 899 P.2d at 425. In that case the trial court found that defense counsel had deliberately violated the discovery rules and a direct order of the court. The trial court went on to hold that, although I.C.R. 16(j) allowed for the exclusion of the relevant witness, Stradley's right to a fair trial outweighed the benefit of excluding the witness. In reviewing that case the Supreme Court noted that the trial court rejected the most severe sanction and instead imposed a narrowly tailored

sanction against the individual responsible for the discovery violations—defense counsel.

■ In contrast, in this case the magistrate adopted the state's requested remedy—without evaluating whether it penalized the individual responsible for the discovery violation and without considering less severe sanctions. Winson argues that the magistrate could have ordered a continuance, giving the prosecution time to prepare, with the costs of retaining the jury charged to the defense. The district court determined that neither attorney suggested such a remedy at the time the magistrate imposed the discovery sanction. However, the imposition of discovery sanctions is to be the result of an exercise of reason by the trial court, not limited to those suggested by the attorneys. The magistrate did not refer to the discretionary nature of the decision or to the applicable rules in imposing the sanction. Further, the magistrate did not make an independent determination that prohibiting the defense's presentation of the witnesses was an appropriate sanction. The magistrate's exclusion of defense witnesses as a discovery sanction for missing the discovery deadline, which severely penalized Winson for his attorney's error, was an abuse of discretion.

The magistrate's errors in instructing the jury and in imposing a discovery sanction without a proper exercise of discretion are each independent grounds for reversal in this case. Together these errors created a violation of Winson's rights and denied him a fair trial. Accordingly we vacate the judgment of conviction. Winson also challenges his conviction on the basis that the magistrate admitted evidence of the breath test results without the proper foundation. However, in view of the fact that the judgment of conviction must be vacated, we do not deem it necessary to comment on this issue.

### III.

### CONCLUSION

The magistrate erred by instructing the jury that the Intoxilyzer 5000 had been approved by the State of Idaho. This instruction commented on the legal determination of

adequate foundation which is not properly an issue to be placed before the jury. Further, the instruction implied that the test was accurate in this case, which is a matter to be determined by the jury. The magistrate's imposition of a discovery sanction which excluded defense witnesses from testifying was an abuse of discretion. These two errors provide independent grounds for reversal and together create a violation of Winson's trial rights. Accordingly, we vacate the judgment of conviction and remand this case for a new trial.

WALTERS, C.J., and LANSING, J., concur.