945 P.2d 1

STATE of Idaho, Plaintiff–Respondent,

v.

Tommy LAMPHERE, Defendant–Appellant.

No. 22456.

Supreme Court of Idaho.
Lewiston, October 1996 Term.

July 1, 1997.

Rehearing Denied July 1, 1997.

Henderson & Grow, Lewiston, for appellant. James W. Grow, Jr. argued.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. Respondent did not participate in oral argument.

## SUBSTITUTE OPINION THE COURT'S PRIOR OPINION DATED JANUARY 21, 1997 IS HEREBY WITHDRAWN.

SILAK, Justice.

This is an appeal from a judgment of conviction for possession of a controlled substance (methamphetamine), and a request for reinstatement of the first written verdict of not guilty entered by the jury. We reverse the judgment of conviction and remand the case for a new trial.

## I.

### FACTS AND PROCEDURAL BACKGROUND

In January 1995, appellant Tommy Lamphere's (Lamphere) car ran out of gas and Lewiston Police Officer David Gobbi (Gobbi) stopped and helped him move the car out of traffic. Upon a routine warrant check, Gobbi became aware of an outstanding arrest warrant on Lamphere, so Gobbi arrested him. During a search of Lamphere's person, Gobbi discovered a small glass vial inside Lamphere's coat. The vial was empty except for residue on the sides. Lamphere was charged with one count of possession of a controlled substance pursuant to I.C. § 37–2732(c)(1) and entered a plea of not guilty. Testing of the residue showed that the vial had contained methamphetamine.

At trial, Lamphere's defense was that he did not know what the vial contained. When Gobbi searched Lamphere after his arrest for the outstanding warrant, found the vial and asked Lamphere what was in the vial, Lamphere testified that he told Gobbi, "I thought it might have been methamphetamines or something else." The next question on direct examination was if Lamphere *knew* what was in the bottle to which he responded, "No, sir, I didn't." Lamphere testified that he had obtained the empty vial from his girlfriend, L.P., who had found the vial in the basement of her former residence. She testified that the vial was empty with dust on the sides, that she placed the bottle in her pocket for about three days, and that when Lamphere came home from a trip, she showed him the vial and asked him to find out what had been in it. L.P. had reason to believe that her daughter was involved in drug activity and was afraid the vial had contained heroin. Lamphere testified that he placed the vial in his coat pocket and then left town for the next three weeks. When his girlfriend inquired about the bottle in December 1994, he told her that he had lost it after feeling his coat pocket and not finding it.

At one point during the trial, counsel for Lamphere sought to ask Gobbi if he remembered making a certain statement in a prior proceeding (preliminary hearing) to the effect that Lamphere might have said, in response to Gobbi's question, "it might be methamphetamine." An objection was made on the basis that the question was an improper impeachment of the witness. The court sustained the objection.

The district court also refused to allow a witness to testify who was disclosed to the State five days before trial. The court ruled that the testimony was irrelevant and that the disclosure was too late. The witness was L.P.'s daughter, W.P. Lamphere's attorney made an offer of proof stating that W.P. could identify the vial as belonging to one of her friends.

The jury returned a written verdict of not guilty. The district judge asked the presiding juror "is that your verdict as read by the clerk," to which the juror responded, "yes it is." However, when asked by the district court if this "is the verdict of all of you," the presiding juror responded "no it is not." The State and Lamphere moved for a mistrial which was denied. The court then polled the jury and the vote totaled five for acquittal and seven for conviction. The court then sent the jury out to deliberate further with the instruction that they try to reach a unanimous verdict. While the jury was out, counsel for Lamphere asked the court to declare a mistrial which the court declined to do. The jury came back in less than two hours with a unanimous verdict of guilty. Counsel for Lamphere again moved for a mistrial which was denied.

Lamphere then moved for an acquittal or in the alternative, a new trial. In support of his motion, Lamphere filed affidavits of the jurors which essentially stated that they still believed Lamphere to be not guilty, but thought the district judge had instructed them to reach a unanimous verdict and that they could not be deadlocked. Lamphere claimed in his motion that the court's instruction to the jury was similar to a dynamite instruction which placed undue hardship and pressure upon the minority to change their verdicts.

Lamphere also argued in his motion that because of a communication between the bailiff and at least one juror, the verdict could

have been affected. The communication concerned a question by a juror as to whether "these amphetamines" were the same thing as speed, to which the bailiff responded in the affirmative, and added that they are a lot stronger.

The court denied the motion, finding that while it was improper for the bailiff to give any kind of information to the jury as to the potency of a controlled substance, potency was not an issue in this case. The court also found that its instruction to the jury was not a dynamite instruction, that it told the jury that it did not have a unanimous verdict and that in the absence of such an agreement, there is no verdict.

At his sentencing hearing, Lamphere was sentenced to a unified five year prison term with two years fixed. That sentence was suspended, and Lamphere was placed on probation for a period of five years. As a condition of probation, Lamphere was ordered to serve 90 days in jail. Lamphere appeals the final judgment, conviction, sentence and denial of his motion for a new trial, and seeks reinstatement of the first written verdict entered by the jury.

## II.

### ISSUES ON APPEAL

1. Whether the district court erred in excluding W.P.'s testimony as irrelevant.

2. Whether the district court erred in denying Lamphere the right to call a material witness, W.P., upon the grounds that the witness was disclosed five days prior to trial.

3. Whether the court abused its discretion in denying a mistrial where both the prosecution and the defense moved for a mistrial, and where the jury rendered a written verdict of not guilty, but upon polling, were divided five for acquittal and seven for guilty and then sent back into the jury room to deliberate with the instruction that the verdict be unanimous.

4. Whether the court erred in denying Lamphere the right to ask Gobbi about a prior inconsistent statement made at a prior proceeding where the defense had

no transcript of the proceeding in which the statement was made.

5. Whether the cumulation of errors made at trial amount to reversible error.

## III.

### ANALYSIS

**A. The District Court Erred In Excluding W.P.'s Testimony As Irrelevant.**

 I.R.E. 402 provides:

All relevant evidence is admissible except as otherwise provided by these rules or by other rules applicable in the courts of this state. Evidence which is not relevant is not admissible.

Because the determination of relevancy is a question of law, this Court's standard of review on issues of relevance is *de novo*. *State v. Raudebaugh*, 124 Idaho 758, 766, 864 P.2d 596, 604 (1993).

Lamphere was charged with and convicted of possession of a controlled substance, methamphetamine, pursuant to I.C. § 37–2732(c). That section provides:

It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter.

Methamphetamine is specifically listed as a controlled substance under I.C. § 37–2707(d)(2).

Idaho Criminal Jury Instruction 403 concerning possession of a controlled substance provides as follows:

In order for the defendant to be guilty of Possession of a Controlled Substance, the state must prove each of the following:

1. On or about [date]

2. in the state of Idaho

3. the defendant [name] possessed [name of substance], and

4. *the defendant knew or should have known it was [name of substance].*

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty.

(Emphasis added). In the present case, the district court gave this instruction to the jury, stating that in order for Lamphere to be guilty of possession of methamphetamine, the State must prove beyond a reasonable doubt that he knew or should have known that what he possessed was methamphetamine.

In *State v. Fox*, 124 Idaho 924, 866 P.2d 181 (1993), this Court discussed whether mental state is an element of the offense defined in I.C. § 37–2732(c). The Court concluded that this is a general intent crime, *i.e.*, an offense requiring only the knowledge that one is in possession of the substance. 124 Idaho at 926, 866 P.2d at 183. In *Fox*, the defendant was charged with possession of ephedrine, a controlled substance. At a hearing during the trial on the admissibility of certain of Fox's exhibits, the district court ruled that the proffered exhibits were not relevant because knowledge that possession of ephedrine was illegal was not an element of the offense. Thereafter, Fox conditionally pled guilty to the charge. *Id.* at 925, 866 P.2d at 182.

On appeal, Fox argued that the defense of mistake of fact was available to him pursuant to I.C. § 18–201. That section provides:

**Persons capable of committing crimes.**—All persons are capable of committing crimes, except those belonging to the following classes:

1. Persons who committed the act or made the omission charged, under an ignorance or mistake of fact which disproves any criminal intent.

The Court disagreed, explaining that Fox's claim was not that he did not know he possessed ephedrine, but rather that he did not know ephedrine was illegal. The Court concluded that Fox was asserting a mistake of law claim instead of a mistake of fact claim. *Id.* at 926, 866 P.2d at 183. The Court thus held that since this offense only required a general intent, the trial court correctly refused Fox's proffered exhibits because any evidence tending to establish Fox's lack of

knowledge that ephedrine was illegal was irrelevant. *Id.*

*Fox* is distinguishable from the present case, for Lamphere's defense was that he did not know the nature of the residue in the vial that he possessed, not, as in *Fox*, that he did not know the illegal nature of the substance he possessed.

In light of the above, we hold that W.P.'s testimony was relevant to the issue of knowledge of what the substance was, an element of the offense of possession of a controlled substance. W.P.'s testimony could have corroborated L.P.'s testimony that she thought the vial was her daughter's and that she was having Lamphere check into what was in it. The testimony would also have corroborated Lamphere's testimony that he did not know what the vial's contents were. Testimony regarding Lamphere's non-ownership of the vial would bolster his contention that he did not know what the vial's contents were. Accordingly, the district court erred in excluding W.P.'s testimony as irrelevant.

**B. The District Court Exceeded The Proper Bounds Of Its Discretion In Refusing To Allow W.P.'s Testimony Based Upon Late Disclosure.**

We review the district court's refusal to allow W.P. to testify due to Lamphere's late disclosure under an abuse of discretion standard. *State v. Stradley*, 127 Idaho 203, 208, 899 P.2d 416, 421 (1995). Lamphere argues that in exercising its discretion, the district court should have weighed the prejudice suffered by the State against Lamphere's right to a fair trial, as the court did in *State v. Stradley, supra.* In *Stradley*, in discussing sanctions that were available, this Court noted that exclusion of the witness was permitted by I.C.R. 16(j), but that such a sanction was outweighed by the defendant's right to a fair trial. 127 Idaho at 206, 899 P.2d at 419.

In the present case, the State did not show any prejudice, but simply stated an objection to the witness on the basis of late disclosure. In deciding this issue, the court merely stated: "[T]he State has not had ample notice of this witness, and I think the prejudice, even if it were relevant, is a burden that the State

need not bear." The district court did not require the State to make any showing that it would have been prejudiced if W.P. were allowed to testify. We hold that the district court exceeded the proper bounds of its discretion by failing to analyze whether the State would suffer prejudice due to the late disclosure.

### C. The District Court Erred In Denying Lamphere's Motion For A Mistrial.

■ Lamphere argues that the district court erred in the manner in which it polled the jury after the non-unanimous verdict and because the instruction the court gave the jury before sending it back to deliberate further amounted to a dynamite instruction in violation of *State v. Flint*, 114 Idaho 806, 761 P.2d 1158 (1988). For the reasons stated below, we hold that the district court erred in denying Lamphere's motion for a mistrial.

Idaho Criminal Rule 31(d) provides:

(d) *Poll of jury.* When a verdict is returned and *before it is recorded* the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or it may be discharged.

(Emphasis added). In the present case, the jury initially came back to the courtroom, after deliberating, stating that it had reached a verdict. The district court then instructed the presiding juror to hand the verdict to the bailiff to be passed to the clerk for recording and to be read into the record. The verdict was stamped by the clerk with the date and time of recording: May 31, 1995, at 3:13 p.m. When the presiding juror indicated that the verdict was not unanimous, the jury was asked to leave the courtroom and the prosecution stated that "it sounds like you have a mistrial." The court responded that before it declared a mistrial, it intended to instruct the jury that it must reach a unanimous verdict.

The prosecutor then stated again that he thought there was a mistrial and that he objected to the instruction. He stated that the jury had already been given the instruction, and that what the court was doing was

in essence telling the jurors to cave in or there would be no verdict. Lamphere's counsel disagreed, noting that the jury had not yet been polled, and that the court should instruct the jurors that they must be unanimous. The court then stated:

Idaho Criminal Rule No. 31 ... covers a situation such as this. It leaves it within the discretion of the Court when the Court is notified prior to the recording of a verdict that the decision is not unanimous. The jury may be directed to retire for further deliberations, or it may be discharged.

In light of the work that this jury has already gone through, I'm going to ask them to retire for further deliberations along with this instruction and a new jury verdict form.

The district court must have mistakenly believed that the verdict had not been recorded because the jury was then brought back into the courtroom and individually polled. The court asked the jurors whether the verdict as read by the clerk was theirs. Seven responded no, and five responded yes. The court then stated:

In light of your responses, your presiding juror did inform the Court correctly, that is, that your verdict was not unanimous. I'm going to give you this instruction: Your verdict in this case must be unanimous, that is, all twelve of you must agree. In the absence of such agreement, there is no verdict. I am going to ask you to return and continue deliberating.

Out of the jury's presence, the court then stated to counsel:

Counsel, it's my impression from the poll that there's a misunderstanding as to what to do when there's a deadlock, but I'm not going to—I'm not going to assume that there is a deadlock until I'm told by the jury that there is.

Contrary to I.R.C. 31, the court polled the jury after the verdict was recorded. The transcript from the trial reflects this as do the court minutes. The initial verdict was recorded at 3:13 p.m. The minutes reflect that the jury was not polled until sometime after 3:29 p.m. Thus, we hold that it was

error for the district court to have polled the jury after the verdict was recorded. Lamphere's motion for a mistrial should have been granted.

We further hold that Lamphere's counsel's statements were properly treated as a motion for a mistrial and that the motion was timely made.

We deny Lamphere's request for reinstatement of the first verdict as the record plainly demonstrates it was not unanimous.

### D. The District Court's Preclusion Of The Cross–Examination Of Officer Gobbi At Trial Regarding His Prior Testimony At The Preliminary Hearing Was Harmless Error.

■ During the trial, while cross-examining Gobbi, counsel for Lamphere asked the question: "And do you remember your testimony there [at the preliminary hearing] as being that he might have said it might be Methamphetamine?" Lamphere's counsel was trying to impeach Gobbi's trial testimony by showing that he testified at the preliminary hearing that Lamphere said it "might" be methamphetamine in the vial, rather than that it *was* methamphetamine. The State objected to the question as being an improper attempt to impeach the witness. The court agreed, ruling:

> THE COURT: I'm going to sustain. Mr. Grow, the procedure is to show the statement, ask him to read it and give him an opportunity to review it. Do you have that statement?
>
> MR. GROW: I don't have the statement, Your Honor. I'm asking if he recalls making the statement.
>
> THE COURT: It's still improper procedure, so I'm going to sustain the objection.
>
> MR. GROW: May I ask, Your Honor, if he recalls making such a statement?
>
> THE COURT: Yes. Not specifics, but statements in general.

Rule 613(a) of the Idaho Rules of Evidence, concerning the prior statements of witnesses, provides:

> (a) Examining witness concerning prior statement. In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing counsel.

In the present case, counsel for Lamphere did not have the transcript from the preliminary hearing at which Gobbi allegedly stated that Lamphere said he *may* have possessed methamphetamine. However, pursuant to I.R.E. 613(a), counsel was not required, without a specific request, to show the witness the statement. Thus, the district court erred in its ruling on this issue.

■ However, the court allowed defense counsel to ask Gobbi if he remembered making such a statement. Gobbi answered: "That's possible. I don't remember his exact words." Defense counsel then asked if Gobbi remembered specifically what Lamphere said to which Gobbi replied: "No, I do not." Thus, the record indicates that the question counsel for Lamphere sought to have answered by Gobbi was answered. The district court's incorrect ruling was therefore harmless error.

In view of our decision to grant Lamphere a new trial on other grounds, we need not address the issue of whether the district court erred in denying Lamphere's motion for a new trial based upon the ex parte communication between a juror and the bailiff. For the same reason, we do not address Lamphere's cumulative error argument.

### IV.

### CONCLUSION

We hold the district court erred in not allowing the testimony of Lamphere's girlfriend's daughter W.P. because her testimony was relevant to show that Lamphere did not know he possessed methamphetamine. We also hold that the court exceeded its discretion in refusing to allow this testimony based upon late disclosure because the State did not show any prejudice and the court did not articulate any specific findings of prejudice suffered by the State due to the late disclosure.

We also hold that the district court erred in denying Lamphere's motion for a mistrial

because the court erroneously polled the jury after the original verdict was recorded by the clerk. We deny Lamphere's request for reinstatement of the original verdict of acquittal.

Finally, we hold that although the district court's ruling with respect to the impeachment of Gobbi's testimony was incorrect, it was harmless error.

The judgment of conviction and sentence are therefore reversed and the case is remanded to the district court for a new trial.

JOHNSON, McDEVITT and SCHROEDER, JJ., concur.

TROUT, C.J., concurs in the result.