992 P.2d 795

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jimmie V. THOMAS, Defendant–Appellant.**

**No. 24806.**

Court of Appeals of Idaho.

Nov. 15, 1999.

Rehearing Denied Dec. 17, 1999.

John A. Olson, Twin Falls County Public Defender; Anthony M. Valdez, Deputy Public Defender, Twin Falls, for appellant. Anthony M. Valdez argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgenson, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgenson argued.

LANSING, Judge.

On this appeal from a kidnapping conviction, Jimmie V. Thomas challenges the district court's exclusion of the testimony of a defense witness who was not disclosed prior to trial. Thomas also contends that his sentence is excessive.

## FACTS AND PROCEDURAL HISTORY

According to trial testimony, at about 11:00 p.m. on October 13, 1996, Thomas went to the home of Michael Phillips and knocked on the door. When Phillips answered the knock, Thomas was aiming a handgun at him. Thomas identified himself as the husband of Anna Marie Thomas, a woman known to Phillips.[1] Thomas entered Phillips' house and complained that Phillips was ruining Thomas' life through Phillips' relationship with Ms. Thomas. Thomas directed Phillips to write a letter to Ms. Thomas stating that he would never see her again, and Phillips complied. Thomas then insisted that Phillips give him a ride back to his car, which Thomas said was parked at a truck stop on a highway approximately five miles from Phillips' home. Again, Phillips complied. When they arrived at the truck stop, Phillips could see no car in the area where Thomas said he had parked. Phillips then noticed Thomas was again pulling out his gun. Frightened as to Thomas' intent, Phillips made a sudden hard turn while accelerating his truck, and as this maneuver threw Thomas against the passenger door, Phillips grabbed the gun and scrambled out of the vehicle. Phillips then ordered Thomas to exit the vehicle. As Thomas walked away from the truck, he reached down to pick up a roll of duct tape that was rolling on the ground. Phillips testified that it was not his duct tape. It was the prosecution's theory that the tape had fallen from Thomas' pocket.

---

1. Thomas was actually divorced from Anna Marie Thomas at that time.

Phillips immediately contacted the police, and Thomas was arrested nine days later. He was charged with second degree kidnapping, Idaho Code §§ 18–4501, –4503, and the information alleged that he was subject to a sentence enhancement under I.C. § 19–2520 for the use of a firearm in the perpetration of a kidnapping.

At the end of the first day of trial, after Thomas had testified, defense counsel[2] announced that he had "no other evidence." However, when the trial resumed the next morning, the defense attorney moved to reopen his case to present additional testimony from Thomas and testimony of Thomas' ex-wife, Anna Marie Thomas. Counsel explained the purpose of Ms. Thomas' testimony as follows:

> The nature of Ms. Anna Marie's testimony would be to impeach statements made by Mr. Phillips concerning what occurred and didn't occur, to discuss contacts that she had with Mr. Phillips following the 13th of October, to discuss the circumstances of Mr. Thomas's arrest, to identify the clothing that Mr. Thomas was wearing on the night in question and testimony along those lines.

The prosecutor did not oppose Thomas' request to reopen in order to allow Thomas to present further testimony, but he did object to the defense's effort to call Ms. Thomas because she had not been identified as a potential witness. According to the prosecutor, the defense attorney had specifically represented that Ms. Thomas would not be called and, in reliance upon this representation, the prosecutor had not secured the attendance of three witnesses who would be needed, he anticipated, to rebut Ms. Thomas' testimony. One of these witnesses was the victim, Phillips, who was then living in California and had been excused following his testimony the previous day.

The court granted the defense motion to reopen to the extent of recalling Thomas for further testimony, but the court refused to allow Ms. Thomas to testify because the prosecutor had relied upon the defense assertion that she would not be a witness. The court found that the defense's sudden change of position had "put the State in a bind" concerning rebuttal witnesses and that there was "enough prejudice to the State to deny the motion to reopen to allow Anna Marie to testify here."

Appellant was found guilty and was sentenced to a determinate term of forty years' imprisonment, including a fifteen-year enhancement for the use of a firearm in the commission of a felony. On appeal, Thomas argues that the trial court abused its discretion by refusing to allow the defense to call Ms. Thomas as a witness and by imposing an excessive sentence.

## ANALYSIS

### A.  Exclusion of Ms. Thomas' Testimony

■  We review the district court's refusal to allow Ms. Thomas to testify, as a sanction for a discovery violation, under an abuse of discretion standard. *State v. Harris,* 132 Idaho 843, 979 P.2d 1201, 1205 (1999); *State v. Lamphere,* 130 Idaho 630, 633, 945 P.2d 1, 4 (1997). Thomas argues that the district court abused its discretion by considering only the prejudice to the State and failing to weigh Thomas' right to a fair trial or to consider less severe remedies for the lack of pretrial disclosure.

Under Idaho Criminal Rule 16(c)(3), upon written request by the prosecuting attorney, a defendant must furnish a list of the names and addresses of witnesses the defendant intends to call at trial. This list is to be furnished within fourteen days of service of the prosecutor's request. I.C.R. 16(e)(1). The trial court is authorized to impose sanctions for a failure to comply. I.C.R. 16(e)(2).

■  When a defendant asks to present evidence at trial that was not timely disclosed to the prosecution, the trial court must consider whether the State would be prejudiced from the late disclosure if the evidence were admitted and weigh that prejudice against the defendant's right to a fair trial. *State v. Miller,* 133 Idaho 454, 988 P.2d 680 (1999); *Harris, supra; Lamphere, supra; State v. Stradley,* 127 Idaho 203, 899 P.2d 416 (1995);

---

2.  Thomas is represented by different counsel on appeal.

*State v. Winson,* 129 Idaho 298, 923 P.2d 1005 (Ct.App.1996). We have also held that, before excluding the evidence, the trial court should consider less severe remedies for the untimely disclosure, such as a short continuance, a mistrial, or sanctions against defense counsel. *Id.* at 303, 923 P.2d at 1010. *See also Harris,* 132 Idaho at 843, 979 P.2d at 1204.

■ In the present case, we are unpersuaded by Thomas' argument that the district court inadequately considered his right to a fair trial or alternative sanctions in performing the balancing test, for Thomas made no showing that the excluded testimony would have been relevant or helpful to the defense in any significant way. Proffered evidence must be relevant and possess some probative value to exculpate the defendant or to rebut the State's case before the defendant's request to present the evidence can have any weight to be balanced against prejudice to the State. Here, the defense presented no offer of proof or description of the proposed testimony that would indicate its relevance; rather, defense counsel merely described, in the vaguest terms, the general subject matter that would be addressed by the testimony. He stated that Ms. Thomas would impeach Phillips' testimony about what happened on the night of the offense, but Ms. Thomas was not present during the kidnapping and thus could offer no first-hand knowledge of those events. Defense counsel also said that Ms. Thomas would testify regarding Thomas' clothing on the night of the offense, the circumstances of his arrest, and her contacts with Phillips after the kidnapping. However, the *facts* to which Ms. Thomas would testify were not described, and counsel's obscure description of the intended testimony demonstrates nothing of any relevance or exculpatory value. In short, the defense made no showing that the exclusion of the testimony would have any adverse effect on Thomas' right to a fair trial. The district court considered the arguments by both parties, performed the requisite balancing test, and concluded that the prejudice to the State outweighed any effect on Thomas' right to a fair trial. Thomas has not shown that this ruling was an abuse of discretion.

## B. Abuse of Discretion in Sentencing

■ The second issue on appeal is whether Thomas' sentence is excessive. He was sentenced to a determinate term of twenty-five years' incarceration for second degree kidnapping plus a fifteen-year enhancement for the use of a weapon in the commission of a felony, for a total determinate term of forty years. This is the maximum sentence that could be imposed. *See* I.C. §§ 18–4504(2), 19–2520.

■ We review a sentence on appeal for abuse of the sentencing court's discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). We will not conclude that a sentencing court abused its discretion unless the sentence is shown to be unreasonable under the facts of the case. *Brown, supra; State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). When called upon to make this evaluation, we examine the nature of the offense and the character of the offender, as revealed through the evidence that was before the trial court. *State v. Hernandez,* 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 449–51, 680 P.2d 869, 871–73 (Ct.App.1984). A sentence is reasonable if it appears at the time of sentencing that the confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). In sentencing, "[t]he primary consideration is, and presumptively always will be, the good order and protection of society." *State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1957). *See also State v. Enno,* 119 Idaho 392, 409, 807 P.2d 610, 627 (1991); *State v. Martinez,* 111 Idaho 281, 284, 723 P.2d 825, 828 (1986); *State v. Elliott,* 121 Idaho 48, 52, 822 P.2d 567, 571 (Ct.App.1991).

The kidnapping involved here was a very grave offense. Thomas terrorized his victim, leading Phillips to fear for his life. At the sentencing hearing, Phillips testified that, after the kidnapping, he abandoned his self-

employment in Idaho and moved away because he feared that he would be killed by Thomas.

Thomas' past record included a 1963 conviction in California for driving under the influence, reckless driving, hit and run and resisting arrest, and a 1967 conviction for theft of a horse. Thomas was also tried in California in 1977 for murder, but the trial ended with a hung jury, and Thomas was not retried.

The factors considered by the district court in imposing sentence included Thomas' conduct after his trial. After receiving the jury's verdict, and pending sentencing, Thomas was free on bond. He purportedly relinquished his passport to the court, but kept a duplicate passport and fled to South Africa. Before leaving Idaho, he allegedly used a bad check and false identification to acquire six high-powered rifles and handguns to sell in South Africa. While in South Africa, Thomas falsified a death certificate, which indicated that he had died in South Africa, and sent it to his attorney in Idaho. In November 1997, Thomas reentered the United States. Shortly thereafter, another male friend of Anna Marie Thomas was shot to death in Jerome County, Idaho. As of the time of sentencing in the present case, Thomas had been charged with, but not tried for, that murder. In November 1997, not yet having been apprehended, Thomas returned to South Africa. He reentered the United States on March 26, 1998 and was at that time in possession of eight guns, which were seized by customs officials. In April 1998, he was found and arrested by the FBI in Reno, Nevada. He was then returned to Idaho for sentencing in the present case and was also charged with murder in Jerome County for the above-mentioned shooting.

 Thomas argues that the district court's consideration of other alleged offenses, of which he had not been convicted, particularly the murder charge in Jerome County, was improper. However, it is well established that a sentencing court may, with appropriate caution, consider a defendant's alleged criminal conduct for which he has not been convicted or for which charges have been dismissed. *State v. Kohoutek,* 101 Idaho 698, 699, 619 P.2d 1151, 1152 (1980); *State v. Wickel,* 126 Idaho 578, 581, 887 P.2d 1085, 1088 (Ct.App.1994); *State v. Barnes,* 121 Idaho 409, 411, 825 P.2d 506, 508 (Ct.App.1992). The record demonstrates that the district court took into account the overriding sentencing goal of the protection of society and appropriately concluded that Thomas presented a grave threat of reoffense if he were not imprisoned. We find no abuse of discretion in the sentence imposed.

## CONCLUSION

We hold that the district court did not abuse its discretion in excluding Anna Marie Thomas' testimony, which was not shown to be relevant or of any significant value to the defense. We also conclude that the sentence imposed upon Thomas is not excessive. Therefore, the judgment of conviction and sentence are affirmed.

Chief Judge PERRY, and Judge Pro Tem SWANSTROM, concur.