53 P.3d 1223

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Eluterio MARTINEZ, Jr.,
Defendant–Appellant.**

No. 26548.

Court of Appeals of Idaho.

June 11, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant. Molly J. Huskey argued.

Hon. Alan G. Lance, Attorney General; Kimberly J. Blas, Deputy Attorney General, Boise, for respondent. Kimberly J. Blas argued.

## AMENDED OPINION

**THE COURT'S PRIOR UNPUBLISHED OPINION DATED JUNE 5, 2002 IS HEREBY WITHDRAWN.**

JUDD, Judge Pro Tem.

Eluterio Martinez appeals from his rape conviction. He argues that the district court erred in excluding a late-disclosed defense witness. Martinez intentionally failed to disclose the witness to the State, and to his attorney. We affirm the witness's exclusion as a sanction.

### I.

### FACTS AND PROCEDURAL HISTORY

Martinez was charged with rape, Idaho Code § 18–6101, and with a repeat sex offender sentence enhancement, I.C. § 19–2520C(1). Martinez pled guilty pursuant to a plea agreement and the repeat offender enhancement was dismissed. However, Martinez was later allowed to withdraw his plea resulting in the reinstatement of the enhancement. Martinez's case proceeded to a jury trial.

### A. The State's Case

M.H. met Martinez at a party in an apartment complex. Martinez invited M.H. to go outside with him to look for some friends, Anna, Rachel, and Steve, who had gone to a store. Once outside, Martinez tried to hug her from behind, but she pushed him away. He tried this again shortly thereafter and M.H. was unable to get out of his grip. He forced her to the ground and told her to remove her skirt. She tried to yell, but he covered her mouth with his hand. Faced with her resistance, Martinez threatened M.H. with a knife. Hoping to escape back to the apartment, M.H. told him that they should not do it outside. Martinez then let her get up and forced her into the backseat of his car. He then forcibly removed her skirt and panties and engaged in intercourse. Afterwards, he told her that he would kill her if she told anyone what had happened. Once she was free of Martinez, M.H. privately told a few people at the party what had happened. The next day she told her sister, who informed their father. The police were then summoned.

Martinez did not deny having sex with M.H. Rather, he claimed that the encounter was consensual. In order to show lack of consent, the State presented testimony from a witness who responded to a telephone call from M.H. and gave M.H. a ride home from the party. He testified that she was upset and crying when she entered his car. When asked what was wrong, she told him of the rape. Her supervisor at work testified that M.H. informed her of the rape the morning afterwards. The police officers who interviewed her and the doctor who examined her also testified.

### B. Late Disclosure of a Defense Witness

In the morning of the second day of trial, Martinez's attorney informed the court that he had been given the name of a witness, Anna Ferrer, after the court had recessed on the previous day. She had been at the party and was referenced throughout the police reports and grand jury transcripts by her

first name only. He stated that Martinez had asked Ferrer to testify a long time ago, but that she had not wanted to get involved.

The State moved to exclude the testimony due to late disclosure. Ferrer was allowed to testify as part of a proffer. She testified that she had been in the parking lot where Martinez's car was around the time of the alleged rape and had not heard any yelling. She also testified that M.H. did not become upset during the party until she was told that it was time to leave. Her testimony also covered how and when she came into contact with Martinez's attorney. She testified that she had discovered three letters written to her by Martinez that had been intercepted by her mother. After reading them, she contacted his family. Her testimony also covered her relationship with Martinez and friendship with some of his relatives.

The district court found that Martinez had known of Ferrer's testimony for several months and that she was a close friend of some of his relatives. Thus, he had been able to contact her if he wished. Despite this, Martinez did not put his attorney into touch with her until after the trial had begun. The court found that this was a deliberate attempt by Martinez, not his attorney, to avoid his duty to disclose his witnesses and their testimony. After discussing the case law on excluding defense witnesses, the court weighed the prejudice to the State against the defendant's right to a fair trial and decided that exclusion was the proper sanction. Martinez elected not to testify and did not present any other evidence.

The jury returned a guilty verdict.[1] Martinez was sentenced to a unified twenty-five-year sentence with a minimum twelve-year term. Martinez appeals, arguing that the district court erred in excluding his witness's testimony.

## II.

### STANDARD OF REVIEW

 This Court conducts a review of the record to determine whether the finding of a discovery violation is supported by substantial and competent evidence. *State v. Stradley*, 127 Idaho 203, 207–08, 899 P.2d 416, 420–21 (1995); *State v. Winson*, 129 Idaho 298, 302, 923 P.2d 1005, 1009 (Ct.App.1996). Review of the sanction imposed for a violation is done under an abuse of discretion standard. *Stradley*, 127 Idaho at 208, 899 P.2d at 421; *Winson*, 129 Idaho at 302, 923 P.2d at 1009. In reviewing a discretionary decision, this Court reviews the record to determine whether the lower court: (1) perceived the decision as discretionary; (2) acted within the bounds of its discretion and consistently with applicable legal standards; and (3) reached its decision by an exercise of reason. *Stradley*, 127 Idaho at 208, 899 P.2d at 421; *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *Winson*, 129 Idaho at 303, 923 P.2d at 1010.

## III.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN EXCLUDING THE LATE DISCLOSED DEFENSE WITNESS

#### A. Martinez's Late Witness Disclosure Was a Discovery Violation

Idaho Criminal Rule 16 governs the discovery process in criminal cases. The failure to respond to a discovery request is grounds for sanction. I.C.R. 16(e)(2). The State requested the names of all defense witnesses well in advance of trial. Thus, Martinez had a duty to disclose, and his failure to disclose Ferrer until the second day of trial was a clear violation of Rule 16.

#### B. The Exclusion of a Defense Witness Is an Appropriate Discovery Sanction

 The right to present evidence is grounded in the Sixth Amendment's Compulsory Process Clause. *Taylor v. Illinois*, 484 U.S. 400, 409, 108 S.Ct. 646, 653, 98 L.Ed.2d 798, 810 (1988); *State v. Harris*, 132 Idaho 843, 846, 979 P.2d 1201, 1204 (1999). This right can be violated by the imposition of a

---

1. The State dismissed the repeat offender enhancement after the jury rendered its verdict on the rape charge.

discovery sanction that excludes a material defense witness. *Taylor*, 484 U.S. at 409, 108 S.Ct. at 653, 98 L.Ed.2d at 810; *Harris*, 132 Idaho at 846, 979 P.2d at 1204.

■ Generally, in determining whether to exclude a witness, the court must balance the prejudice to the State due to the lateness of disclosure against the defendant's right to a fair trial. *State v. Miller*, 133 Idaho 454, 457, 988 P.2d 680, 683 (1999). *See also Harris*, 132 Idaho at 846–47, 979 P.2d at 1204–05; *State v. Lamphere*, 130 Idaho 630, 633–34, 945 P.2d 1, 4–5 (1997).

The United States Supreme Court has held that in cases involving willful and intentional late disclosure, the trial court may exclude the late-disclosed witness without regard to any prejudice to the other party; the purpose of such a sanction is to protect the integrity of the trial process and that the exclusion of a defense witness under such circumstances does not violate the Sixth Amendment. *Taylor*, 484 U.S. at 414–16, 108 S.Ct. at 655–56, 98 L.Ed.2d at 813–15; *Harris*, 132 Idaho at 846, 979 P.2d at 1204; *State v. Siegel*, 137 Idaho 538, 50 P.3d 1033.

In *Taylor v. Illinois*, the United States Supreme Court stated that when "the omission was willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence, it would be entirely consistent with the purposes of the Compulsory Process Clause to exclude the witness' testimony." 484 U.S. at 415, 108 S.Ct. at 656, 98 L.Ed.2d at 814. In *Taylor*, the defendant's attorney did not disclose one witness until the second day of trial even though he had been in contact with him for at least a week prior to that and had amended his discovery to add two other witnesses on the first day of trial. The trial court found that it was a blatant and willful violation of the discovery rules and excluded the witness. A divided Supreme Court affirmed.[2]

### C. Martinez's Late Disclosure Was Intentional

■ In the present case, the district court found that Martinez had intentionally failed to put his attorney in touch with Ferrer—both parties knew that an "Anna" had been at the party, but Martinez did not even inform his attorney of Ferrer's last name prior to trial. According to Ferrer's testimony, Martinez had relatives who were close friends of Ferrer. Martinez's attorney stated that he had been trying to locate her, supposedly with Martinez's assistance, for several months and had been unable to do so. The evidence shows that Martinez had spoken to her about testifying long before trial, but never made the minimal effort required to put her in touch with his attorney or to give his attorney the information to contact her. The district court's finding of a willful violation by Martinez is supported by substantial evidence in the record.

### D. The State Was Prejudiced

■ The trial court determined that the State was highly prejudiced because the late disclosure prevented it from presenting rebuttal evidence that otherwise would have been available. There were two known witnesses who potentially could have presented evidence to rebut Ferrer's proffered testimony that M.H. did not begin crying at the party until she was told to leave. Neither of these rebuttal witnesses was readily available. One was incarcerated in New Mexico and the other's location was completely unknown.

In *State v. Thomas*, 133 Idaho 800, 992 P.2d 795 (Ct.App.1999), the defense attempted to call the defendant's ex-wife after reopening its case-in-chief. She had not been disclosed as a potential witness; in fact, the defendant's attorney had affirmatively stated that she would not be called. Because of the late disclosure, the State had not secured the attendance of three witnesses who could have rebutted her testimony—one of these witnesses was the victim who had been released from subpoena and had returned to his home in California. This Court concluded that

---

**2.** The dissent focused on the fact that, unlike this case, the defendant himself was not culpable in

the late disclosure. *Taylor*, 484 U.S. at 419, 108 S.Ct. at 658, 98 L.Ed.2d at 817.

Thomas had not shown that her exclusion had prejudiced his right to a fair trial. We held that the district court had not abused its discretion in determining that the prejudice to the State outweighed any effect on Thomas' right to a fair trial.

Martinez argues that any prejudice to the State could have been cured by a continuance to obtain rebuttal testimony. We disagree. The State would have had to make special arrangements to transport a prisoner from New Mexico on very short notice. Further, a defendant should not be given the possible "windfall" of a continuance as a reward for his own misconduct.

### E. The Trial Court Did Not Abuse Its Discretion

The district court recognized its discretion in determining the proper sanction for Martinez's intentional discovery violation. The court also carefully considered the bounds of its discretion and the legal standards applicable to the question before it. After considered weighing of the prejudice to the State, the defendant's rights and the defendant's personal culpability for the discovery violation, the court reasonably concluded that exclusion was the proper remedy. Additionally, pursuant to *Taylor*, it was within the trial court's discretion to exclude the defense witness without regard to prejudice to the State. There was no abuse of discretion.

### IV.

### CONCLUSION

The finding of a deliberate violation of discovery by Martinez was supported by substantial evidence in the record. The trial court's determination that the State was highly prejudiced was supported by substantial evidence in the record. The district court did not abuse its discretion by excluding a defense witness. The decision of the district court is affirmed.

Judge LANSING and Judge GUTIERREZ concur.