**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39491**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2013 Unpublished Opinion No. 430 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 4, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **ALEX LEE PETTIT,** | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of conviction for possession of controlled substance with intent to deliver, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Alex Lee Pettit appeals from his judgment of conviction for possession of a controlled substance with the intent to deliver, Idaho Code § 37-2732(a)(1)(B). He claims that the district court erred by requiring him to provide irrelevant testimony regarding the identity of the person from whom he purchased marijuana.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2010, detectives from the Twin Falls Sheriff's Department obtained a search warrant for Pettit's residence. Once inside the residence, the deputies found marijuana, cash, packaging supplies, a scale, and firearms. Pettit was arrested and charged with one count of possession of a controlled substance with the intent to deliver, in violation of I.C. § 37-2732(a)(1)(B).

1

At trial, Pettit admitted possessing the marijuana but denied that he possessed it with the intent to deliver. On cross-examination, Pettit was asked by the prosecutor about where he had obtained the marijuana and the following interaction occurred:

| | |
|---|---|
| [PROSECUTOR]: | And the marijuana in the safe, you said that was yours? |
| [PETTIT]: | Yes, ma'am. |
| [PROSECUTOR]: | Where did you get that? |
| [DEFENSE COUNSEL]: | Objection. Irrelevant. |
| [THE COURT]: | Overruled. |
| [PETTIT]: | Just from marijuana dealers. |
| [PROSECUTOR]: | Who? |
| [PETTIT]: | I mean, do I have to say a name? |
| [THE COURT]: | Yes, you do. |
| [PETTIT]: | I mean, there was a number of--there was--I don't see how this is relevant at all to how I--a name of my dealer is relevant to my case. I don't understand. |
| [DEFENSE COUNSEL]: | Once again, Your Honor, I'd renew my objection as to relevancy. |
| [THE COURT]: | Overruled. |
| [PROSECUTOR]: | Who did you buy the marijuana from that was in the safe? |
| [PETTIT]: | It was an older fellow named Joe. |
| [PROSECUTOR]: | What's his last name? |
| [PETTIT]: | I don't recall. |
| [PROSECUTOR]: | Where does he live? |
| [PETTIT]: | In Twin. |
| [PROSECUTOR]: | Where? |
| [PETTIT]: | I don't know now. |
| [PROSECUTOR]: | Where was he living back in June of 2010? |
| [PETTIT]: | Back on a president street. |
| [PROSECUTOR]: | What street? |
| [PETTIT]: | Monroe. |
| [PROSECUTOR]: | What house number? |
| [PETTIT]: | I don't recall the house number. |
| [PROSECUTOR]: | Do you recall the block? |
| [PETTIT]: | Third block. The 300 block. |
| [PROSECUTOR]: | Who did he live there with? |
| [PETTIT]: | Just by himself is all, as far as I know. |
| [PROSECUTOR]: | You don't know his last name? |
| [PETTIT]: | No. It started with a "B." |
| [PROSECUTOR]: | His name is Joe? |
| [PETTIT]: | Yes. |

Pettit was found guilty. The district court imposed a unified sentence of five years with three years determinate, and the court retained jurisdiction. Following the period of retained jurisdiction, the district court suspended the sentence and placed Pettit on probation. Pettit timely appealed.

## II.

## ANALYSIS

Pettit claims that the identity of the person from whom he purchased marijuana was irrelevant and that the district court erred by requiring him to answer the prosecutor's questions. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Idaho Rule of Evidence 401; *State v. Byington*, 132 Idaho 597, 603, 977 P.2d 211, 217 (Ct. App. 1998). Evidence that is not relevant is not admissible. I.R.E. 402. Whether evidence is relevant is an issue of law which this Court reviews de novo. *State v. Lamphere*, 130 Idaho 630, 632, 945 P.2d 1, 3 (1997); *State v. Sanchez*, 147 Idaho 521, 211 P.3d 130 (Ct. App. 2009).

We need not decide whether the testimony sought was irrelevant. Even if the district court's ruling regarding the supplier's identity was in error, I.R.E. 103 provides that "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Trial error will be deemed harmless if the reviewing court is convinced, beyond a reasonable doubt, that the error did not contribute to the verdict. *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010). In reviewing for harmless error, the court evaluates the potential prejudice from the inadmissible evidence in the context of the evidence presented at trial. *State v. Yager*, 139 Idaho 680, 687, 85 P.3d 656, 663 (2004) (error in failing to suppress evidence was harmless because probative value of evidence improperly admitted at trial was de minimis in light of other evidence properly presented to establish defendant's guilt).

The evidence establishing Pettit's guilt of possession of a controlled substance with the intent to deliver was extensive. The detective seized several large "heat sealable" bags, which the detective later testified are typically used in sales of bulk amounts of marijuana. The detective also found in Pettit's bedroom a safe, which contained: (1) a set of electronic scales; (2) a black case containing one thousand dollars and a miniature suitcase also containing a thousand dollars; (3) a heat sealable bag; (4) a Tupperware-style container with two black plastic

3

bags containing a total of just over twelve grams of marijuana; (5) Ziplock baggies; (6) one plastic bag containing 15.83 grams of marijuana, a large FoodSaver bag that had the odor of marijuana inside; and (7) two handguns and seven rifles. A detective testified that it is common for drug dealers to keep money and firearms in close proximity to where illicit drugs are stored for safekeeping and protection. Last, and arguably most important, the detective testified that Pettit, after he waived his *Miranda* rights,[1] admitted to selling marijuana in order to supplement his income.

Pettit also testified at trial that he admitted to possessing the marijuana, but denied that he possessed it with the intent to deliver. Pettit also testified that some of the sealable bags were used to package marijuana, but were also used for storing meat because Pettit was an avid hunter. Lastly, Pettit testified that three of the firearms were his father's, as well as half of the money, and that the other guns were used for hunting.

We are convinced, beyond a reasonable doubt, from our review of the record that any error in admission of the evidence did not contribute to the verdict. Thus, any error was harmless beyond a reasonable doubt. *Perry*, 150 Idaho at 227, 245 P.3d at 979.

## III.

## CONCLUSION

Even if the district court erred in admitting testimony regarding who Pettit purchased marijuana from, the evidence was de minimis and harmless in light of the other admissible evidence showing Pettit's guilt. The judgment of conviction is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).