26 P.3d 603

STATE of Idaho, Plaintiff–Respondent,

v.

Christiano F. BEORCHIA,
Defendant–Appellant.

Christiano F. Beorchia, Petitioner–
Appellant,

v.

State of Idaho, Respondent.

Nos. 24233, 24827.

Court of Appeals of Idaho.

June 15, 2001.

John B. Kugler, Pocatello, for appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger, II., Deputy Attorney General, Boise, for respondent. T. Paul Krueger, II. argued.

PERRY, Judge.

Beorchia appeals from his judgment of conviction and sentence for nonpayment of child support and from the district court's denial of his application for post-conviction relief. We affirm.

## I.

## BACKGROUND

In May 1997, Christiano F. Beorchia, was charged with felony nonsupport of his children as mandated by the support provisions of his divorce decree. I.C. § 18–401(2). Pursuant to a plea agreement, the state recommended probation and restitution. Beorchia pled guilty and was sentenced to a unified term of nine years, with a minimum period of confinement of three years.[1] Beorchia filed a motion for a new trial—which the district court treated as a motion to withdraw his guilty plea—and an I.C.R. 35 motion for leniency. Following a hearing, the district court denied both motions.

In April 1998, Beorchia filed an application for post-conviction relief asserting that his judgment of conviction was unsupported by legal evidence, that he had received ineffective assistance of trial counsel, and that the sentence imposed by the district court was excessive. Beorchia based his claim of ineffective assistance of counsel on his trial counsel's failure to procure a written and binding I.C.R. 11 plea agreement and failure to discover an alleged lack of *in personam* jurisdiction in regard to the child support order in Beorchia's divorce. Beorchia asked the district court to set aside his guilty plea and judgment of conviction. The state failed to respond to Beorchia's application in a timely manner. Beorchia filed a motion for summary disposition. The district court denied the motion and set the matter for an evidentiary hearing. Following the evidentiary hearing, the district court denied Beorchia's application for post-conviction relief after determining that there was valid evidence to support Beorchia's judgment of conviction,

---

1. Beorchia was represented by his trial counsel until approximately October 1997. Shortly thereafter, Beorchia retained his current counsel who aided Beorchia in filing his Rule 35 motion and application for post-conviction relief.

that Beorchia had failed to show that his trial counsel had provided ineffective assistance, and that Beorchia's guilty plea was legally binding.

Beorchia appeals his judgment of conviction and sentence. Beorchia also appeals the district court's denial of his application for post-conviction relief. These two appeals have been consolidated for the purposes of review.

## II.

## ANALYSIS

### 1. POST–CONVICTION RELIEF

#### A. Summary Disposition

■ Beorchia first argues that the district court erred in failing to grant his motion for summary disposition in respect to his application for post-conviction relief. An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App. 1992). Summary dismissal of an application for post-conviction relief pursuant to Idaho Code Section 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Pursuant to I.C. § 19–4906(c), a "court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

■ Beorchia's motion for summary disposition was based on the state's failure "to answer or respond by motion as required by I.C. § 19–4906(a)." Idaho Code Section 19–4906(a) "requires that the state file any responsive document to the application for post-conviction relief within thirty days of the date of its original filing, or within any further time that the court may fix." *Bjork-*

*lund v. State,* 130 Idaho 373, 378, 941 P.2d 345, 350 (Ct.App.1997). In this case, the state concedes that it failed to file a response to Beorchia's application within the thirty-day period set forth under the statute. In addition, the record shows that the district court did not grant an extension. Beorchia asserts that, because the state failed to file a response to his application for post-conviction relief within the thirty-day period and no extension was granted, he was entitled to summary disposition under I.C. § 19–4906(c). We are not persuaded.

The state's failure to file an answer to an application for post-conviction relief within the thirty-day period set forth under I.C. § 19–4906(a) does not necessarily entitle the applicant to summary disposition. As previously stated, a grant of summary disposition is only proper where the record before the district court presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Instead, the purpose of the thirty-day requirement set forth in I.C. § 19–4906 is to properly frame any factual and legal issues before the district court so that it can make an intelligent ruling on the application. *Fetterly v. State,* 121 Idaho 417, 418, 825 P.2d 1073, 1074 (1991). "When the state fails to respond the district court is operating without the benefit of such pleadings and is placed in the indefensible position of ruling on an application for post-conviction relief without any factual or legal issues first being framed." *Cherniwchan v. State,* 99 Idaho 128, 130 n. 2, 578 P.2d 244, 246 n. 2 (1978). In this case, after denying Beorchia's motion for summary disposition, the district court ordered the state to file an answer to Beorchia's application[2] and set a date for an evidentiary hearing. As a consequence, the factual and legal issues were properly framed before the district court prior to its ruling on the substantive merits of Beorchia's application, and the timeliness of the state's answer was rendered moot. Moreover, the conclusory allegations contained in Beorchia's application for post-conviction relief were insufficient to entitle him to a grant of summary disposition. Thus, the district court properly denied

---

**2.** The state filed an answer to Beorchia's applica- tion prior to the date of the evidentiary hearing.

Beorchia's motion for summary disposition, and Beorchia has shown no error in this regard.

## B. Ineffective Assistance of Counsel

■ As previously stated, an application for post-conviction relief initiates a proceeding which is civil in nature. *Murray* 121 Idaho at 921, 828 P.2d 1323 at 1326. Thus, like a plaintiff in a civil action, an applicant for post-conviction relief must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990).

■ In reviewing the district court's granting or denying of post-conviction relief following a hearing as provided in I.C. § 19–4907, we must view the evidence in the light most favorable to the trial court's findings. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994). An evidentiary hearing was held at which both Beorchia and his trial counsel testified extensively regarding the facts and circumstances surrounding this case. Thus, we will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell*, 118 Idaho at 67, 794 P.2d at 656. The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App.1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

■ Beorchia asserts that the district court erred when it determined that he had not received ineffective assistance of counsel during the underlying criminal proceedings. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant

was prejudiced by the deficiency. *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995); *Russell*, 118 Idaho at 67, 794 P.2d at 656; *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell*, 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Russell*, 118 Idaho at 67, 794 P.2d at 656. There is a strong presumption that trial counsel's performance falls within the wide range of "professional assistance." *Aragon*, 114 Idaho at 760, 760 P.2d at 1176. An applicant must not only show incompetence, but must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard*, 126 Idaho at 233, 880 P.2d at 263.

■ Beorchia first contends that his trial counsel was deficient in failing to provide any time and consultation regarding sentencing and sentencing procedures. After listening to testimony at the evidentiary hearing, the district court found that Beorchia's trial counsel visited Beorchia on several occasions. Beorchia does not challenge this finding on appeal. In light of this factual finding and the strong presumption that the performance of his trial counsel fell within the wide range of acceptable professional assistance, we conclude that Beorchia has failed to show that his trial counsel's performance was deficient in this regard. Therefore, the district court properly dismissed the claim that Beorchia's trial counsel was ineffective in failing to pro-

vide any time and consultation regarding sentencing and sentencing procedures.

Beorchia also alleges that his trial counsel was ineffective in failing to adequately explain to him the ramifications of an I.C.R. 11 plea and in failing to procure and file a written plea agreement with the prosecutor after representing to Beorchia his intent to do so. The district court found that it had informed Beorchia of the ramifications of entering a Rule 11 plea immediately prior to the time at which he entered his plea of guilty. Thus, even assuming that the failure of Beorchia's trial counsel to advise him of the consequences of such a plea constituted deficient performance, Beorchia has failed to show any resulting prejudice. Moreover, Beorchia's trial counsel testified at the evidentiary hearing that his failure to procure a written plea agreement resulted from the prosecutor's refusal to reduce the plea agreement to writing. The district court acknowledged at the evidentiary hearing that it was aware of the unwritten plea agreement between Beorchia and the state but declined to follow it. Thus, even assuming that Beorchia's trial counsel was deficient in failing to procure a written plea agreement, Beorchia has failed to show how the reduction of the plea agreement to writing would have affected the outcome. Therefore, the district court properly denied the application as it related to Beorchia's claims that his trial counsel was ineffective in failing to instruct him as to the ramifications of a Rule 11 plea and in failing to procure a written plea agreement.

Beorchia's remaining allegations of ineffective assistance of counsel all rely on the failure of his trial counsel to discover an alleged lack of *in personam* jurisdiction in regard to the child support order. Beorchia contends that, because he was not personally served in the divorce case, the support order was void. Thus, he asserts that counsel was deficient in failing to discover and present this fact in Beorchia's defense. In denying Beorchia's application for post-conviction relief on these grounds, the district court stated that "Idaho Code Section 18–401(2) does not require a divorce decree in order for a defendant to be guilty." The district court concluded that Beorchia's admission that he

willfully failed to support his children was sufficient to support his judgment of conviction under the statute. Thus, the district court held the validity of the child support order to be of no consequence in Beorchia's prosecution for felony nonsupport of his children. Therefore, the district court concluded that Beorchia had failed to show that his trial counsel's performance was deficient or, assuming that his trial counsel's performance was deficient, that Beorchia had been prejudiced by such deficiency.

Idaho Code Section 18–401(2) sets forth the elements required to prove felony nonsupport of children. Under I.C. § 18–401(2), a person shall be guilty of felony nonsupport of children if he or she "wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or children." Idaho Code Section 18–401(2) does not require that a valid child support order be the basis for a criminal prosecution, or that a successful prosecution under the statute is contingent upon the existence of a valid child support order. Therefore, we conclude that Beorchia faced prosecution under I.C. § 18–401(2) regardless of his marital status, the existence of a valid child support order, or other extrinsic circumstances related to his divorce case.

The district court found, and Beorchia admitted on numerous occasions, that Beorchia provided absolutely no financial support for his children. Thus, even assuming that the child support order in this case was not supported by personal jurisdiction, there was evidence from which a trier of fact could have found Beorchia guilty under the statute. The language in the charging instrument referencing the arrearages owed by Beorchia under the child support order was unnecessary. As surplus language it could have been eliminated through an amendment to the charging document. Therefore, we conclude that the district court properly denied Beorchia's application as it related to his claim that his trial counsel was ineffective in failing to discover and assert as a defense in the criminal prosecution an alleged lack of personal jurisdiction in regard to the child support order.

For the reasons stated above, we hold that the district court correctly concluded that Beorchia failed to show that his trial counsel's performance constituted ineffective assistance of counsel. Therefore, we conclude that the district court did not err in denying Beorchia's application for post-conviction relief.

## 2. DIRECT APPEAL

### A. Motion to Withdraw Guilty Plea

 Beorchia also argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct.App.1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to insure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Id.* Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). In this case Beorchia moved to withdraw his guilty plea after sentencing. Thus, our inquiry is limited to whether the district court abused its discretion in determining that no manifest injustice would occur if Beorchia's motion was denied.

Beorchia asserts that the prosecutor failed to inform him of potentially exculpatory evidence in regard to the charge of felony non-support of children, specifically, an alleged lack of *in personam* jurisdiction in regard to the child support order. Because he was not informed of this alleged jurisdictional defect prior to the entry of his guilty plea, Beorchia argues that his guilty plea was not knowingly and intelligently entered.[3]

Following a hearing, the district court determined that Beorchia's plea was knowingly and intelligently entered. The district court found that "irrespective of the legality, you might say, of the divorce decree, [Beorchia] was well aware he had these kids, and he was well aware he should have been supporting them and he didn't do it."

 The prosecution in a criminal case is not compelled to volunteer all information which may assist the defense in preparing for trial. *State v. Simons*, 112 Idaho 254, 258, 731 P.2d 797, 801 (Ct.App.1987). A prosecutor's duty to disclose exculpatory evidence only arises when evidence is both favorable to the accused and material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Ramirez v. State*, 119 Idaho 1037, 1040, 812 P.2d 751, 754 (Ct.App.1991). Evidence is "material" only if, viewed in relation to all competent evidence admitted at trial, it appears to raise a reasonable doubt concerning the defendant's guilt. *Simons*, 112 Idaho at 258, 731 P.2d at 801. As we have previously determined, I.C. § 18–401(2) does not require that a valid child support order be present for a prosecution under the statute. Thus, evidence of the alleged jurisdictional defect in the child support order in Beorchia's divorce was not material because it could not have raised a reasonable doubt concerning Beorchia's guilt. Therefore, the prosecution had no duty to investigate and disclose this information to Beorchia, and the prosecution's failure to do so could not render Beorchia's plea invalid. In addition, we note that it was *Beorchia* who knew or should have known the circumstances of his divorce case. The prosecution was not required to "disclose" and could not "withhold" information that was within Beorchia's personal knowledge. For the reasons stated

---

**3.** Beorchia does not contest the voluntariness of his guilty plea on appeal.

above, we hold that Beorchia has failed to show that the district court abused its discretion in finding that no manifest injustice would occur if Beorchia was prevented from withdrawing his plea.

## B. Sentence

■ Beorchia was sentenced to a unified term of nine years, with a minimum period of confinement of three years. Beorchia argues that his sentence, as imposed by the district court, was excessive. Beorchia contends that the district court erred by not reciting with clarity a basis for the sentence imposed and by ignoring the existence of any mitigating factors.[4]

■ An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A conviction for felony nonsupport of children carries with it a maximum sentence of fourteen years. I.C. § 18–401. A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

■ Based on the pre-sentence investigation report and the nature of Beorchia's offense, the district court made the following findings at sentencing:

I've given this a lot of thought, and considering here the nature of the offense—in other words, what you've done, you brought two lives into this world, Nicholas, age 13, and Anthony, age 11. You haven't paid one dime towards their support, not one dime.

That, to me—I mean, you just turned your back on these two boys, and you haven't paid one dime. You haven't seen them since 1990. The Presentence Investigator says—and I'll quote this, "During my interview with Christiano, he only gave minimal answers to my questions and appeared to be inconvenienced with the fact that he had to have a current presentence investigation conducted on him. Christiano admitted he had never made child support payments but made excuses for not paying and claimed he made attempts to find his former wife. He also showed no remorse—and he also showed no remorse for his actions and appeared to not be motivated to change his criminal behavior. Christiano has a prior record—has a recent history of unstable employment and appeared to be dishonest regarding his substance abuse. Based on all of these factors, I do not believe Christiano is a viable candidate for probation at this time."

I have to consider punishment and deterrence and protection of society and your rehabilitation. Now you have another wife and two more children and I don't have any idea, Christiano, what—I guess only you know why you didn't pay something or try to pay something to these kids.

Although I.C. § 18–402 provides the sentencing court with sentencing alternatives to imprisonment in cases involving felony nonsupport of children, these alternatives are discretionary. In addition, a sentencing court is not required to recite or check off

---

4. Beorchia also contends that the district court was affected by passion and prejudice at the time of imposition of sentence. Because Beorchia fails to cite any authority in support of this argument, or direct us to any evidence in the

record to support this allegation, this argument will not be considered on appeal. *See State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

the sentencing guidelines during sentencing, nor is it even required to give its reasons for imposing the sentence. *State v. Thomas,* 133 Idaho 682, 688, 991 P.2d 870, 876 (Ct. App.1999). In light of the information before the district court at the time that Beorchia's sentence was imposed, we conclude that the district court did not abuse its discretion in imposing Beorchia's sentence.

### C. I.C.R. 35 Motion

■ Beorchia argues that the district court abused its discretion in denying his Rule 35 motion for reduction of sentence. On review of a denial of a Rule 35 motion, if the sentence is found to be reasonable at the time of pronouncement, the defendant must then "show that it is excessive in view of additional information presented with his motion for reduction." *State v. Hernandez,* 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991).

■ At the hearing on his Rule 35 motion, Beorchia argued that his sentence was excessive because he was homeless and without employment for a period of time, because he posed no threat to society, and because the actual amount of child support owed by Beorchia was less than the amount considered by the district court at the time that it fashioned his sentence. After considering all of the information presented by Beorchia, the district court stated:

> I don't think the amount necessarily matters. The gravamen of this offense is that this man brought two kids into the world and absolutely refused to support them.
>
> After all these years he just didn't make any effort to support them at all. And even if he was homeless, that was his choice. He's a man capable of working. If he was homeless, that was a choice he made. The public is sick and tired of this where men bring children into the world and they don't pay for them and then it's picked up by the taxpayers.
>
> I wasn't—I don't think Mr. Beorchia is necessarily a danger to society. He's not an axe murderer. On the other hand, I think, for the reasons indicated, I think the sentence was fair and I think it was a appropriate.

The district court then weighed the additional information presented by Beorchia but found the sentence to be appropriate. Thus, we conclude that the district court did not abuse its discretion in denying Beorchia's Rule 35 motion.

### D. Post-trial Motions

Beorchia presents a number of additional issues in his appellant's brief. Beorchia contends that in the event his arguments in regard to his application for post-conviction relief and motion to withdraw his guilty plea are not accepted, "then further analysis is desired as there are several other issues which are believed to have influenced the Court to passion and prejudice against the defendant/petitioner." However, Beorchia has failed to provide any cogent argument or authority in support of these assertions. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Thus, this Court will not address these issues on appeal.

### III.

### CONCLUSION

The district court's denial of Beorchia's motion for summary disposition of his application for post-conviction relief was proper. In addition, Beorchia has failed to show that the performance of his trial counsel constituted ineffective assistance of counsel. Thus, the district court's order denying Beorchia's application for post-conviction relief is affirmed. Furthermore, Beorchia has failed to show that the district court abused its discretion in denying his motion to withdraw his guilty plea, in imposing his sentence, or in denying his Rule 35 motion. Thus, Beorchia's judgment of conviction and sentence are also affirmed.

Judge LANSING, concurs.

Chief Judge SCHWARTZMAN, concurs in the result.