62 P.3d 208

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael D. ALBERT, Defendant–Appellant.**

No. 26828.

Court of Appeals of Idaho.

Oct. 22, 2002.

Rehearing Denied Jan. 29, 2003.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant. Paul S. Sonenberg argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

LANSING, Judge.

Michael Albert appeals from his conviction for statutory rape following a jury trial. He argues that the district court erred by excluding all of his alibi witnesses as a sanction for discovery violations and by denying Albert's motion to compel the State to produce the name and telephone number of another adult with whom the alleged victim previously had sexual relations. Because we hold that the district court committed reversible error in excluding Albert's alibi witnesses, we vacate the judgment of conviction and remand the case for a new trial.

## BACKGROUND

Albert was indicted for rape, Idaho Code § 18–6101, on October 12, 1999. The State alleged that on the night of July 3, 1999, he had sexual intercourse with fifteen-year-old J.H. in a warehouse in Meridian, Idaho. Albert's trial was initially scheduled for February 27, 2000. On January 12, the State filed a discovery request pursuant to I.C. § 19–519[1] asking for notice of any planned alibi defense, including notice of the place where Albert claimed to have been at the time of the alleged offense and the names and addresses of alibi witnesses. On February 2, Albert responded with a notice that he intended to present an alibi defense through two witnesses, Scott and Brenda Farnworth. The notice misspelled the Farnworths' name as "Farworth" but correctly stated their then-current address in McCall, Idaho. The notice described the place where Albert claimed to have been at the time of the alleged offense as the "Farworths'" home in Nampa, Idaho but did not give the street address of the Nampa home. On February 9, the State filed a motion to require that the Farnworths appear for deposition or, alternatively, to exclude their testimony from trial

because the Farnworths had declined to speak with state investigators and because Albert's discovery response was vague about the alibi location. After hearing this motion, the court continued the trial date to May 16, 2000 and ordered Albert to provide a complete disclosure of the alibi information as required by I.C. § 19–519.

Albert did not serve an amended disclosure of alibi information until May 4. That same day, he also gave the name and correct address of an additional witness, Allison Vieira, but did not identify her as an alibi witness. The amended notice stated the address of the Farnworths' former home, where Albert claimed to have been on the night of the alleged offense, as a lot in a mobile home park at "2119 Caldwell Boulevard," in Nampa, Idaho. This was an incorrect address, however, for the Farnworths' former residence was actually at 2819 Caldwell Boulevard. Upon the receipt of this amended notice, the prosecutor and an investigator who sought to interview witnesses at or near the alibi location found that "2119 Caldwell Boulevard" referred to an empty parcel.

The State did not notify defense counsel of this apparent error in the address or request clarification. At the outset of the second day of trial, Albert's counsel informed the district court and the State that he had a fourth alibi witness, Crystal Ward, who had not been previously disclosed. Later that day, during discussion of the order in which witnesses would testify, Albert's counsel referred to the address of Albert's alibi location as 2819 Caldwell Boulevard. The State then informed the court that the address Albert had previously disclosed was 2119 Caldwell Boulevard. The State claimed prejudice due to the incorrect disclosure and requested the

---

1. Idaho Code § 19–519 provides in part:

(1) At any time after arraignment before a magistrate upon a complaint and upon written demand of the prosecuting attorney, the defendant shall serve, within ten (10) days or at such different time as the court may direct, upon the prosecuting attorney, a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense

and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.

. . . .

(4) Upon the failure of either party to comply with the requirements of this section, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from or presence at, the scene of the alleged offense.

exclusion of Albert's alibi witnesses as a sanction. The district court took the matter under advisement and required Albert to make his witnesses available for interview by the State. The State interviewed Albert's four alibi witnesses that evening. The next morning, the State again moved to exclude the witnesses. The district court granted the State's motion, excluding all of Albert's alibi witnesses as a sanction for his erroneous discovery response. The defense then rested without presenting any evidence, and the jury returned a guilty verdict.

Albert appeals. The primary issue on appeal is whether the district court erred in precluding Albert from presenting his alibi defense.

## ANALYSIS

### A.   Exclusion of Alibi Witnesses

On appeal from an order imposing discovery sanctions, we review the trial court's decision for an abuse of discretion. *State v. Harris*, 132 Idaho 843, 846, 979 P.2d 1201, 1204 (1999). In examining a trial court's discretionary decision, this Court inquires: (1) whether the district court correctly perceived the issue as one of discretion, (2) whether the district court acted within the boundaries of its discretion and consistently with any legal standards applicable to the specific choices before it, and (3) whether the district court reached its decision by an exercise of reason. *Id.* In the present appeal, we focus upon whether the district court, in excluding Albert's alibi witnesses, acted within the boundaries of its discretion and consistently with applicable legal standards.

The right of an accused to call witnesses in his defense is guaranteed by the Compulsory Process Clause of the Sixth Amendment to the United States Constitution. *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S.Ct. 646, 654, 98 L.Ed.2d 798, 811 (1988). The United States Supreme Court has said that "[f]ew rights are more fundamental" than this one. *Id.* at 408, 108 S.Ct. at 652, 98 L.Ed.2d at 809. The State also has a weighty interest, however, in the ability to obtain timely and complete discovery responses from a defendant. The United States Supreme Court noted in *Taylor*, "Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate." *Taylor*, 484 U.S. at 412 n. 17, 108 S.Ct. at 654 n. 17, 98 L.Ed.2d at 812 n. 17 (quoting *Williams v. Florida*, 399 U.S. 78, 81, 90 S.Ct. 1893, 1893, 26 L.Ed.2d 446, 449 (1970)). Therefore, the Sixth Amendment "does not confer the right to present testimony free from the legitimate demands of the adversarial system." *Taylor*, 484 U.S. at 412-13, 108 S.Ct. at 654-55, 98 L.Ed.2d at 812-13.

To accommodate these competing interests, when faced with a request by the State to exclude defense evidence due to late disclosure or nondisclosure, the trial court must weigh the prejudice to the State against the defendant's right to a fair trial. *Harris*, 132 Idaho at 847, 979 P.2d at 1205. *State v. Thomas*, 133 Idaho 800, 802, 992 P.2d 795, 797 (Ct.App.1999). In a serious felony case, it is ordinarily the trial court's obligation "to fashion a sanction which will impress counsel with the importance of responding to discovery requests, and yet will not prejudice the defense of the case." *State v. Stradley*, 127 Idaho 203, 211, 899 P.2d 416, 424 (1995). This obligation gives way, however, when the defendant's discovery violation was willful and designed to facilitate the presentation of fabricated testimony or to impede the State's ability to conduct effective cross-examination or to present rebuttal evidence. In that event, the untimely-disclosed defense evidence may be excluded notwithstanding the availability of other sanctions that would prevent prejudice to the State. *Taylor*, 484 U.S. at 413-14, 108 S.Ct. at 655, 98 L.Ed.2d at 813; *Harris*, 132 Idaho at 846, 979 P.2d at 1204; *State v. Martinez*, 137 Idaho 804, 807, 53 P.3d 1223, 1226 (Ct.App.2002). In order to determine whether the tardiness or nondisclosure was intentional, a trial judge may insist upon an explanation for a party's noncompliance with discovery requirements. *Taylor*, 484 U.S. at 415, 108 S.Ct. at 656, 98 L.Ed.2d at 814.

In the present case, the record does not demonstrate that the address error in Albert's amended alibi notice was willful.

Although the pattern of untimely responses, spelling errors and the address error show a disturbing level of negligence by Albert or his attorney or both, any inference of willful deception is negated by the fact that Albert accurately disclosed the then-current addresses of the witnesses.[2] As of February 2, 2000, the State knew that Albert was asserting as an alibi that he was with the Farnworths at their residence in Nampa at the time the offense was alleged to have occurred. Twelve days before trial, the State had been given Vieira's name and correct address. Utilizing the current addresses, the prosecutor apparently had no difficulty making contact with the named witnesses.[3] In the absence of evidence of willfulness, it was the obligation of the trial court, and is this Court's task on review, to examine whether prejudice suffered by the State due to the alibi address error outweighs the prejudice to Albert from the exclusion of all four witnesses who were reportedly ready to testify that he was with them at a residence in Nampa on the night when he was alleged to have committed a rape in Meridian.

The State argued to the trial court, and asserts again on appeal, that it was prejudiced because, being ignorant of the correct address of the Nampa residence, investigators were unable to interview neighbors or other potential witnesses who might have refuted the alibi. We are unpersuaded by this argument because the State's prejudice was readily avoidable. The prosecutor could have acquired the correct address by the simple expedient of informing defense counsel that the disclosed address was a vacant parcel and requesting the correct information. Instead, the prosecutor elected to say nothing until mid-trial when Albert was about to call his first witness and to then cite the address error as a basis to preclude Albert from presenting his alibi. Further, although witnesses Scott and Brenda Farnworth had refused to speak with the state investigator, the State also had the name and current address of another of the alibi witnesses, Vieira. Nothing in the record indicates that the prosecutor could not have obtained the correct alibi location by interviewing her.

Avoidable prejudice of just this sort has been held not to justify the exclusion of alibi evidence as a sanction. In *People v. Osborne*, 114 Ill.App.3d 433, 71 Ill.Dec. 513, 451 N.E.2d 1, 3 (1983), the defendant, in response to the state's discovery request, gave as his alibi location the "Pierson Construction Company near Quincy, Illinois." At trial, the state moved to exclude the defendant's alibi witness on the ground that the identified place, the Pierson Construction Company, had no permanent location and, therefore, the defendant had failed to provide a "specific location" for his alibi. The trial court granted the motion, excluding the defendant's only alibi witness, but that ruling was reversed on appeal. The appellate court noted that if the state was unable to determine the location of the Pierson Construction Company, it had ample time in which to demand that the defendant clarify the location or to obtain the location from the defendant's alibi witness. Because the state had "declined to be educated as to the validity of the defendant's alibi," the court held the state should not be allowed to take advantage of its self-imposed ignorance by using it as a justification to exclude the defendant's alibi witness. *Id.* at 3–4.

A similar case is *State v. Massey*, 867 S.W.2d 266 (Mo.Ct.App.1993), where the Missouri Court of Appeals reversed the exclusion of alibi witnesses as a sanction for the defendant's provision of an incorrect address. The defendant in *Massey* responded to the state's discovery request by giving the names and shared address of three alibi witnesses, claiming that he was at that address at the time of the alleged crime. Upon interview-

---

2. We note that "[t]he absence of a good excuse is not necessarily commensurate with 'willful' conduct." *Escalera v. Coombe*, 852 F.2d 45, 48 (2d Cir.1988).

3. Witnesses Scott and Brenda Farnworth declined to speak to the State's representative, but it has not been shown that this refusal was attrib-

utable to Albert. Scott Farnworth told the state investigator who telephoned him that Farnworth had only a cell phone and was not going to use up his cell phone time talking to the State's agents. The record does not indicate whether the State made any effort to contact Vieira.

ing one of the witnesses, the state learned that the address stated by the defendant was incorrect, and the witness informed the state of the correct address. The state waited until mid-trial to move for exclusion of the alibi witnesses. The trial court granted the motion in part, excluding two of the three witnesses. The reviewing court characterized the exclusion of alibi witnesses as a "drastic remedy" for a discovery violation and noted that a prosecuting attorney's duty "is not to convict at any cost but to see that justice is done and that the accused receives a fair and impartial trial." *Id.* at 270. Concluding that the state had suffered no prejudice from the mistake in the alibi address provided by the defendant, the court reversed the conviction and remanded the case for a new trial. *Id.* at 268–270.

■■■■■ As in *Osborne*, the prosecutor in the present case was aware of the defect in Albert's disclosure information well in advance of trial and elected to forego notifying defense counsel of the error so that the correct address could be obtained. The State argues that it had no "duty" to point out Albert's error in his disclosure response. That is an issue that we need not decide, for here, the question is not whether the State had an affirmative obligation to notify defense counsel or whether the State could have remained silent until trial and then used the error in cross-examination of alibi witnesses to discredit the defendant. Rather, the question before us is whether the State, having elected not to demand the correct address so as to investigate the validity of the alibi defense, may use this largely self-imposed prejudice to entirely prevent pre-

sentation of the defense to the jury. We hold that it may not. The overarching obligation of the prosecution is not merely to secure convictions but to secure justice. "It is the primary and fundamental duty of the prosecuting attorney and his assistants to see that an accused receives a fair trial. . . . 'It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.' " *State v. Wilbanks*, 95 Idaho 346, 354, 509 P.2d 331, 339 (1973) (quoting *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)).[4]

■■■ The district court's frustration with Albert's persistently untimely and defective discovery responses is understandable, but the exclusion of all of Albert's alibi witnesses was not necessary in order to rectify the address error. Here, the State was able to interview all of the witnesses during the evening before Albert would have begun presenting his evidence. If the State needed to conduct follow-up investigation that could not be completed during the course of the trial, a continuance could have been granted.[5] In addition, where discovery violations involve egregious misconduct of an attorney, monetary sanctions may be assessed against the attorney. *See Stradley*, 127 Idaho 203, 899 P.2d 416.

We conclude that the district court exceeded the bounds of its discretion by imposing the extreme sanction of witness exclusion. Because the sanction precluded any presentation of Albert's alibi defense, the error

---

**4.** The State has argued that if we reject its claim of prejudice here, we will be applying a double standard, disallowing relief to the State in circumstances where a remedy would be provided for a defendant. The State is wrong. Decisions are legion in which Idaho appellate courts have held that a criminal defendant who was denied a remedy for the State's late disclosure of evidence will not find relief on appeal without a demonstration of genuine prejudice. *See, e.g., State v. Byington*, 132 Idaho 589, 592, 977 P.2d 203, 206 (1999); *State v. Tapia*, 127 Idaho 249, 255, 899 P.2d 959, 965 (1995); *State v. Raudebaugh*, 124 Idaho 758, 765, 864 P.2d 596, 603 (1993); *State v. Siegel*, 137 Idaho 538, 50 P.3d 1033, 1037 (Ct.App.2002); *State v. Hawkins*, 131 Idaho 396, 405–06, 958 P.2d 22, 31–32 (Ct.App.1998); *State*

*v. Hiassen*, 110 Idaho 608, 612, 716 P.2d 1380, 1384 (Ct.App.1986).

**5.** The prosecutor represented to the trial court that as a result of the witness interviews, she learned the names of other persons who allegedly were at the Farnworth residence on the night in question; but that despite considerable effort, she had been unable to learn current addresses or other information on the whereabouts of these potential witnesses. There is no indication, however, that it would have been easier to locate these individuals if Albert's original alibi disclosure had included an accurate address for the Farnworth residence in Nampa.

**290**

cannot be viewed as harmless, and this matter must be remanded for a new trial.

### B. Denial of Albert's Motion to Compel

We must also address a second claim of error posed by Albert. The day before his trial began, Albert moved for an order compelling the State to produce the name and telephone number of a nineteen-year-old man who, according to a police report, had been sexually involved with J.H. within six months preceding the night of the alleged rape. The district court denied the motion on the ground that J.H.'s past sexual history was irrelevant. Albert argues, as he did at the hearing, that the disclosure of the nineteen-year-old man's name and telephone number may have led to the exculpatory evidence that it was this man, rather than Albert, with whom J.H. had sexual intercourse on July 3, 1999. Albert theorizes that J.H. may have falsely accused Albert in order to protect the real perpetrator, the unnamed young man. He argues that withholding this allegedly exculpatory information violated the prosecution's duty of disclosure under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (1963). *See also Grube v. State*, 134 Idaho 24, 27, 995 P.2d 794, 797 (2000); *State v. Gardner*, 126 Idaho 428, 432–33, 885 P.2d 1144, 1148–49 (Ct.App.1994). The duty to disclose material exculpatory evidence known to the State arises only with respect to evidence that is both favorable to the accused and material either to guilt or punishment. *Brady*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; *State v. Beorchia*, 135 Idaho 875, 882, 26 P.3d 603, 610 (Ct.App.2001); *Ramirez v. State*, 119 Idaho 1037, 1040, 812 P.2d 751, 754 (Ct.App.1991). Evidence is "material" for purposes of this analysis if there is a reasonable possibility that, had the evidence been available to the defense, the result of the trial would have been different. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481, 494 (1985); *State v. Holden*, 126 Idaho 755, 757, 890 P.2d 341, 343 (Ct.App.1995); *Gardner*, 126 Idaho at 436, 885 P.2d at 1152.

We conclude that the district court correctly denied Albert's motion because he has not demonstrated that the evidence he sought was material. Albert's assertion that he might have been able to show that the nineteen-year-old man was J.H.'s actual sexual partner on the night in question is based upon nothing but conjecture and surmise. He has not shown the slightest reason to believe that J.H. had any continuing relationship with the young man as of July 1999, that the man was the perpetrator of the alleged offense, or that J.H. was motivated to harm Albert. Materiality, for purposes of a *Brady/Bagley* analysis, must rest on something more than wild speculation. Albert has not shown a reasonable probability that disclosure of the information he sought could have led to a different result at trial.

### CONCLUSION

On the circumstances presented here, the exclusion of all of Albert's alibi witnesses as a sanction for an inadequate discovery response was impermissible and necessitates a new trial. The district court was correct, however, in denying Albert's motion to compel disclosure of the identity of the young man with whom the victim allegedly had previously had sexual relations. The judgment of conviction is vacated, and this case is remanded to the district court for further proceedings.

Judge GUTIERREZ and Judge Pro Tem SCHWARTZMAN concur.