**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47699**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 8, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| SAMUEL JUAREZ, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction for aggravated battery and being a persistent violator, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Samuel Juarez appeals from his judgment of conviction for aggravated battery and being a persistent violator. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A brutal beating left the victim with cuts on his face, nasal bone fractures, a broken rib, and a lacerated spleen. Based on the victim and his girlfriend's claim that Juarez was one of the assailants, the State charged Juarez with aggravated battery, I.C. § 18-907(1)(a), and with being a persistent violator, I.C. § 19-2514.

In response to the State's discovery request, Juarez filed a notice of alibi listing three witnesses, all with the same address. The State filed an objection to this notice, in part contending

1

the notice was deficient because the notice did not give Juarez's alleged location at the time of the battery. At a hearing on the State's objection, the district court struck Juarez's notice of alibi and excluded testimony from the three witnesses to the extent their testimony would support an alibi defense.

At trial, Juarez indicated he would call two witnesses, one of whom had been listed in the notice of alibi. According to Juarez, these witnesses would rebut testimony offered by the State. The State objected, contending that Juarez had not properly disclosed the two witnesses during discovery. The district court sustained the State's objection and excluded the two witnesses. A jury found Juarez guilty of aggravated battery, after which he admitted to being a persistent violator. Juarez appeals.

## II.

## STANDARD OF REVIEW

We review a trial court's discovery sanctions for an abuse of discretion. *State v. Albert*, 138 Idaho 284, 287, 62 P.3d 208, 211 (Ct. App. 2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Juarez contends the district court abused its discretion by excluding testimony regarding his alibi defense and excluding two of his witnesses as a sanction for his discovery violations. Juarez also asserts these errors were not harmless. The State responds that the district court did not abuse its discretion and that, even if it did, the errors were harmless. We affirm.

### A.     Discovery Sanctions

The Compulsory Process Clause of the Sixth Amendment to the United States Constitution affords a defendant the right to call witnesses in his or her defense. *Taylor v. Illinois*, 484 U.S. 400, 410 (1988); *State v. Harris*, 132 Idaho 843, 846, 979 P.2d 1201, 1204 (1999). However, this right is not unfettered. For example, a defendant does not have the "right to offer testimony that

2

is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor*, 484 U.S. at 410. Moreover, the State has a legitimate interest in obtaining timely and complete discovery responses from a defendant. *Id.* at 412; *Albert*, 138 Idaho at 287, 62 P.3d at 211. "The very nature of the right [to compulsory process] requires that its effective use be preceded by deliberate planning and affirmative conduct." *Taylor*, 484 U.S. at 410.

When determining whether to exclude evidence due to late disclosure or nondisclosure, the trial court must weigh the prejudice to the State against the defendant's right to a fair trial. *Albert*, 138 Idaho at 287, 62 P.3d at 211. It is error for a trial court to exclude a witness based solely on late disclosure without analyzing whether the State would suffer prejudice from the late disclosure. *State v. Lamphere*, 130 Idaho 630, 634, 945 P.2d 1, 5 (1997). In addition to weighing the competing interests at stake, the trial court should consider whether less severe remedies would be sufficient for the untimely disclosure or nondisclosure, such as a short continuance, a mistrial, or sanctions against defense counsel, before excluding a defense witness. *State v. Thomas*, 133 Idaho 800, 803, 992 P.2d 795, 798 (Ct. App. 1999). The trial court has an obligation to "fashion a sanction which will impress counsel with the importance of responding to discovery requests, and yet will not prejudice the defense of the case." *State v. Stradley*, 127 Idaho 203, 211, 899 P.2d 416, 424 (1995). However, when the defendant's discovery violation was willful and designed to facilitate the presentation of fabricated testimony or to impede the State's ability to conduct effective cross-examination or to present rebuttal evidence, exclusion may be a proper remedy notwithstanding the availability of other sanctions that would prevent prejudice to the State. *Taylor*, 484 U.S. at 414-15; *Albert*, 138 Idaho at 287, 62 P.3d at 211.

### 1.     Exclusion of alibi witnesses

Juarez contends the district court abused its discretion in excluding testimony regarding his alibi defense. The State responds that, based on the deficiency of the notice and Juarez's subsequent failure to supplement the notice at any time prior to trial, the district court properly excluded evidence of Juarez's unspecified alibi. We hold that Juarez has failed to show the district court abused its discretion in excluding his purported alibi witnesses.

If requested by the State during discovery, a defendant intending to offer an alibi must file a notice listing where the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses whose testimony will support the defendant's alibi.

I.C. § 19-519(1); I.C.R. 12.1. Juarez does not dispute that the State requested a notice of alibi or that his notice of alibi was untimely. Nor does Juarez dispute that the substance of his notice was inadequate given that it was limited to identifying the names of three witnesses with a shared address. The record also reflects that, although the State filed a written objection the same day Juarez filed his notice, he never supplemented the notice with the required information. Juarez also did not supply any additional information regarding his alibi during the hearing on the State's objection, which occurred six months after the notice was filed. Instead, counsel for Juarez argued that, although the notice was "sparse," it was sufficient to put the State on "notice." Defense counsel explained that he filed the notice based on a prior attorney's notes, which indicated that the three witnesses lived at the listed address "where the alleged incident occurred."[1] Defense counsel further argued that "the detriment to the defendant not being able to present a full and fair defense outweighs the prejudice to the State" and the "claim of alibi should be allowed to stand subject to revision, subject to clarification." But defense counsel also indicated that the witnesses listed in the alibi notice may no longer be available:

> Perhaps these witnesses are gone. And if they are gone, that portion of his defense is gone. I mean, we can't make--we can't create a defense where none exists. This was ripe back when the motion was filed in December of 2018. Again, these may very well not be available. And if they're not, that defense certainly can't go forward. It assumes they're going to be available and testify.

During the same hearing, the prosecutor articulated the prejudice to the State from the notice:

> This was a--three names and an address, that was it. That's all we got. So we have no idea how this is an alibi. We don't know where Samuel Juarez--if he was with these people. We have sent an officer out to try to find these people. Quite frankly, we can find nothing.
>
> Tex Ybarra, the last person [on the list], we can't find anything about him, that he even exists. I think we found out these other two people do exist, but tracking them down, trying to get this information has been extremely difficult for the detectives. . . . We are unable to comply with Idaho Criminal Rule 12.1 and

---

[1] Defense counsel twice referred to the address as where the crime allegedly occurred. It is unclear if this was a misstatement since the address where the crime occurred would not be an alibi as contemplated by I.C. § 19-519(1). Moreover, the record reflects that the crime occurred at a different address than the one listed in the notice of alibi.

4

Idaho Code Section 19-519.[2]  Based upon the lack of information here, we don't know how this is an alibi at all.

When the district court asked defense counsel to explain why no further clarification of the alibi defense had been provided, he stated he could not.  Defense counsel also indicated the case got "lost in the shuffle" as a result of transfers between conflict counsel and the public defender's office and between attorneys within the public defender's office.  In ruling on the request to exclude the alibi witnesses, the district court noted the lack of required information in the notice, concern for the integrity of the judicial process, and the State's due diligence in trying to discover information regarding the alleged alibi by contacting the listed witnesses.  The district court subsequently issued a written order excluding the witnesses, again noting the deficiency of the notice.

Juarez argues that the district court's exclusion of his purported alibi witnesses was an abuse of discretion for three reasons:  (1) the deficiencies in the notice were the "fault" of defense counsel; (2) the district court did not find prejudice to the State; and (3) the district court did not consider lesser sanctions.  The core defect in all of Juarez's arguments is that he never actually identified an alibi.  For that reason, and others, we are unpersuaded by all of Juarez's arguments and will address each in turn.

First, the United States Supreme Court has rejected the proposition that a defendant should not suffer the consequences of an attorney's discovery violation.  In *Taylor*, the defendant argued that "it is unfair to visit the sins of the lawyer upon his client."  *Taylor*, 484 U.S. at 416.  The Supreme Court concluded this argument lacked merit, reasoning:

> The argument that the client should not be held responsible for his lawyer's misconduct strikes at the heart of the attorney-client relationship. . . . [G]iven the protections afforded by the attorney-client privilege and the fact that extreme cases may involve unscrupulous conduct by both the client and the lawyer, it would be highly impracticable to require an investigation into their relative responsibilities before applying the sanction of preclusion.  In responding to discovery, the client has a duty to be candid and forthcoming with the lawyer, and when the lawyer responds, he or she speaks for the client.  Putting to one side the exceptional cases in which counsel is ineffective, the client must accept the consequences of the

---

[2]     Idaho Code Section 19-519 also places a burden on the State in responding to a notice of alibi.  *See* I.C. § 19-519(2) (requiring State to identify witnesses to rebut testimony of any of defendant's alibi witnesses).

> lawyer's decision to forgo cross-examination, to decide not to put certain witnesses on the stand, or to decide not to disclose the identity of certain witnesses in advance of trial.

*Id.* at 418. This rationale from *Taylor* applies here, particularly given the absence of any evidence in the record that the inadequacies of the notice were the "fault" of defense counsel without any attribution to Juarez who would necessarily play a central role in providing information regarding an alibi.

Second, although the district court did not use the word "prejudice" in its oral or written rulings, Juarez argued the requirement that a trial court weigh prejudice and a finding of prejudice was central to the district court's decision. The district court noted Juarez's failure to articulate what his alibi was and noted the State's unsuccessful efforts to ascertain information related to the alibi despite the lack of information. These findings relate to prejudice. Juarez appears to disregard or minimize this prejudice by suggesting that the deficiencies in his notice "could have been corrected well before trial" because the trial "did not commence until three months after the objection hearing." Juarez also argues that the "fact the prosecutor had to conduct a further (and perhaps lengthier) investigation into the facts of the case and the people present at the scene of the crime does not constitute prejudice." What "could have" happened does not demonstrate a lack of prejudice to the State as a result of what did happen. Moreover, Juarez does not explain how further investigation into his deficient notice would have been more fruitful, nor does he explain how more effort by the State to investigate "the people present at the scene" eliminates the prejudice articulated in the record as to where Juarez was if not "at the scene." Juarez's claims regarding prejudice do not demonstrate an abuse of discretion by the district court.

Third, Juarez is correct that the district court did not expressly weigh alternatives to exclusion. However, the record reveals that, on the facts of this case, there were no alternatives to weigh due to the lack of information and the speculative nature of the availability of Juarez's purported alibi witnesses. Our opinion in *Thomas* is instructive. *Thomas*, 133 Idaho 800, 992 P.2d 795. In *Thomas*, the defendant argued that the trial court abused its discretion in excluding testimony of a witness who the defense indicated would not testify at trial. *Id.* at 802, 992 P.2d at 797. This Court rejected this claim of error because the defendant "made no showing that the excluded testimony would have been relevant or helpful to the defense in any significant way." *Id.* at 803, 992 P.2d at 798. The same is true here. Because Juarez never actually articulated his

6

alibi, or made any offer of proof regarding the alibi, there were no alternatives for the district court to consider. Indeed, a continuance would have been meaningless absent information regarding the alibi for the State to investigate further, and the district court could not declare a mistrial as a sanction because trial had not started. Juarez has failed to show the district court abused its discretion in excluding evidence of his unarticulated alibi.

### 2.     Exclusion of late-disclosed witnesses

Juarez asserts the district court abused its discretion in excluding two witnesses from testifying in his case-in-chief "without any showing that the State was prejudiced by the late disclosure." The State responds that the prejudice to the State is "apparent" and that "Juarez's right to a fair trial was not impacted by exclusion of these witnesses." We hold there was no abuse of discretion in the district court's exclusion of Juarez's late-disclosed witnesses.

Within fourteen days of a written request by the State, a defendant must provide the State with the names and addresses of witnesses the defendant intends to call at trial. I.C.R. 16(c)(3) and (f)(1). Absent a showing of good cause or excusable neglect, a failure to respond can warrant sanctions. I.C.R. 16(f)(2). The State submitted a written discovery request to Juarez on November 14, 2018, making Juarez's response due November 28, 2018. In addition, the district court's scheduling order required Juarez to submit a witness list by September 6, 2019. Juarez admitted to the district court that he did not provide a written response to the State regarding the two witnesses he wished to call at trial.[3] Instead, Juarez informed the State of his intent to call the two witnesses on the day before trial, September 10, 2019. Thus, Juarez's disclosure was late under both I.C.R. 16 and the district court's scheduling order. The remaining question is whether the district court erred in sanctioning Juarez by excluding the two witnesses.

In addressing the State's objection to the two witnesses, defense counsel noted he was "given these names at a late date," and represented that one of the witnesses (Rathemsen) was "going to talk about knowledge of the house," but not about the charged offense because she was

---

[3]     One of the witnesses had been previously listed on Juarez's notice of alibi. However, the district court struck this notice of alibi and there is no other indication in the record that Juarez listed the witness in other discovery responses. Further, we note that the name of the witness listed on the notice of alibi (Hayden Rassmussen) was different than the witness Juarez intended to call at trial (Hayden Rathemsen), although there appears to be no dispute that it is the same individual.

not there when it occurred. Similarly, defense counsel represented that the other witness (Rios) had also "been to the location" and would "rebut the testimony that [someone] could see in the house from where" the cars were parked from which other witnesses viewed the house. Juarez argued that, if the court concluded noncompliance with the discovery rules and the court's scheduling order prejudiced the State such that the witnesses could not be "called under that," he would call the witnesses as "rebuttal witnesses." According to Juarez, because he did not have to disclose rebuttal witnesses, he could avoid being sanctioned for the discovery violation by classifying the witnesses as rebuttal since they would be rebutting testimony from the State's case-in-chief. The district court found a discovery violation unsupported by good cause and rejected Juarez's attempt to classify his witnesses as rebuttal as well as his claim that rebuttal witnesses did not have to be disclosed. The district court, therefore, excluded the witnesses.

Juarez's only challenge on appeal to the exclusion of two of his trial witnesses is that the district court abused its discretion by failing to find or weigh prejudice to the State. We first note that Juarez never argued a lack of prejudice in the trial court. Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017). Rather, Juarez seemed to acknowledge prejudice by arguing to the district court that, even if the late disclosure prejudiced the State, the district court could still admit the testimony as rebuttal evidence. Moreover, Juarez's acknowledgment of potential prejudice was consistent with the State's arguments on that same point. As to Rathemsen, the prosecutor explained that witness was the one misidentified in the notice of alibi, who the State was not able to locate and whose connection to the case was unknown. As to Rios, the prosecutor noted that she did not "know that person at all." Juarez never disputed the lack of information made available to the State (much less timely information), nor did he suggest that alternative sanctions would be appropriate given the timing and content of the disclosures. On these facts, we find no abuse of discretion by the district court.

**B.     Harmless Error**

Although Juarez has failed to show the district court abused its discretion in excluding his witnesses, even assuming the district court erred in granting both discovery sanctions, the errors were harmless. Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). With limited exceptions, even constitutional error is not

necessarily prejudicial error.  *Id.*  Where a criminal defendant shows a reversible error based on a contemporaneously objected-to constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict.  *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018).  Thus, we examine whether the alleged error complained of in the present case was harmless.  *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).  This standard requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error.  *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020).  The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented.  *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

### 1.    Alibi witnesses

We first address the exclusion of witnesses regarding Juarez's purported alibi defense. Juarez contends *Albert* indicates that the exclusion of alibi testimony can never be harmless error. There, we held that because the exclusion of witnesses "precluded any presentation of [the] alibi defense, the error cannot be viewed as harmless."  *Albert*, 138 Idaho at 289-90, 62 P.3d at 213-14. However, in *Albert*, the record showed the alibi witnesses would have testified that the defendant was at a certain location during the crime.  As the State notes, we have previously held that a district court's erroneous exclusion of alibi testimony is harmless when a defendant fails to make an offer of proof as to the substance of the expected testimony.  *See State v. Mata*, 106 Idaho 184, 188, 677 P.2d 497, 501 (Ct. App. 1984).  Synthesizing *Albert* with *Mata* leads to the conclusion that, although usually not harmless, the exclusion of alibi testimony can be harmless if a defendant fails to make an offer of proof regarding the testimony of the alibi witnesses.  Although the State on appeal bears the burden to show beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict, this does not relieve a defendant of the obligation to make an offer of proof regarding expected alibi testimony to factor into the analysis.

As noted, Juarez did not make an offer of proof regarding the expected testimony from his alibi witnesses.  As Juarez has conceded, the notice of alibi was deficient because he failed to allege his location at the time of the crime.  In addition, he did not give this information at a

subsequent hearing or at trial. In other words, the record reveals no alibi defense at all. Thus, Juarez has not identified the evidence he would have presented at trial if he had been allowed to present his alibi. Because of this failure, the probative value of the error is minimal or nonexistent.[4]

Given the nature of the purported error--the erroneous exclusion of unknown evidence as opposed to the erroneous exclusion or admission of known evidence--the probative value of the record absent the error carries the same probative force as the evidence actually presented to the jury. Based on the evidence presented, the jury found beyond a reasonable doubt that Juarez was guilty of the charged crimes. Because Juarez failed to show what his alibi defense would have been, there is nothing to weigh against the probative value of the evidence presented to the jury. Consequently, the jury's verdict would have been the same absent any error, rendering the error harmless.

In addition, we note Juarez presented evidence that he was not at the home when the victim was attacked. Juarez testified that he did not arrive at the home until hours after the victim had left. Another witness testified that she was present for the attack, that Juarez was not one of the assailants, and that she did not recognize Juarez in the courtroom, indicating that he was not at the home during the attack. Although not a true alibi defense, given that there was no evidence presented of Juarez's whereabouts at the time of the attack, his defense was akin to an alibi. Therefore, the jury evidently considered a variation of Juarez's alibi defense, but rejected it, further confirming that the exclusion of his alibi defense was harmless.

## 2.     Late-disclosed witnesses

We now turn to the exclusion of Juarez's late-disclosed witnesses. To provide context for these witnesses, we begin by discussing the evidence presented during the State's case-in-chief. The victim and his girlfriend testified that they arrived at the home of one of the assailants; parked in the driveway near the home's front door; and, because the door was open, could see into one of the bedrooms in the home. The victim testified that Juarez was in that bedroom. Similarly, the

---

[4]     We note that *Mata* was decided prior to *Garcia* and, thus, *Mata* did not discuss harmless error in terms of weighing the probative value of the error against the probative value of the record absent the error. *See Mata*, 106 Idaho at 188, 677 P.2d at 501. However, we conclude that *Mata*'s offer-of-proof requirement bears upon the probative value of the error.

10

victim's girlfriend testified that, from her vantage point in the parked vehicle, she saw Juarez come out of that bedroom.

After the close of the State's case-in-chief, Juarez explained the general content of the expected testimony of his late-disclosed witnesses, which related to knowledge of the house at which the battery occurred. However, Juarez did not describe what facts the witnesses would testify about in their expected testimony. A vague assertion that a witness's testimony will rebut evidence, without a description of the facts to which the witness will testify, does not suffice. *See Thomas*, 133 Idaho at 803, 992 P.2d at 798 (holding that defendant failed to show prejudice to defendant's right to a fair trial because "defense counsel merely described, in the vaguest terms, the general subject matter that would be addressed by the testimony" but "the *facts* to which [the defense witness] would testify were not described"). Because Juarez did not describe the facts expected from his late-disclosed witnesses, the probative value of the error is minimal or nonexistent. Again, the probative value of the record absent the error is the same as the evidence presented to the jury, which was sufficient for a finding of guilt. Because Juarez failed to establish what facts the rebuttal witnesses would provide, there is nothing to weigh against the probative value of the evidence presented to the jury. Consequently, the jury's verdict would have been the same absent the error, rendering the error harmless.

In addition, as previously noted, Juarez testified in his own defense. Juarez testified that a person could not see into the home from where the victim's girlfriend was. However, Juarez later testified that a person "can probably see a part of it," referring to the inside of the home. While Juarez did not testify whether a person could see into the bedroom of the home, his testimony tended to contradict the girlfriend's testimony that she saw Juarez come out of the bedroom immediately prior to the attack. This contradiction, however, is resolved by video footage from an officer's on-body camera, taken during an investigation after the attack. The footage shows the officer coming from the driveway, entering the home, and going into the bedroom where the victim's girlfriend testified Juarez was prior to the attack. Because the front door and the bedroom were open when the officer approached, the footage shows that the victim's girlfriend could have seen into the bedroom from the driveway. Thus, even assuming any testimony from the late-disclosed witnesses could have bolstered Juarez's testimony, the footage would have

11

conclusively shown otherwise. Any error in excluding Juarez's late-disclosed witnesses was, therefore, harmless.

## IV.
## CONCLUSION

Juarez has failed to show the district court abused its discretion in excluding evidence of his purported alibi and testimony from late-disclosed witnesses as a sanction for Juarez's discovery violations. Further, even if exclusion as a sanction was erroneous, any error was harmless. Consequently, Juarez's judgment of conviction for aggravated battery and being a persistent violator is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.